### 76443. MAHONE v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(373 SE2d 809)

BANKE, Presiding Judge.

Mahone appeals an order granting summary judgment to State Farm Mutual Automobile Insurance Company and denying his own motion for summary judgment in an action to recover, as third-party beneficiary, upon a policy of motor vehicle liability insurance issued by State Farm to one Thomas Sherman.

The appellant incurred property damage when the vehicle identified on the declarations page of Sherman's policy collided with a building owned by the appellant. The vehicle was being operated at

the time by a Ms. Adrienne Guffie, who had purchased it from Sherman subsequent to the issuance of the State Farm policy. Ms. Guffie had paid Sherman $500 down at the time of the transaction and had agreed to pay him an additional $500 in periodic installments. In return, Sherman had transferred possession of the vehicle to Guffie and had also signed the transfer statement on the certificate of title. However, he had retained possession of the title certificate as security for the balance owing on the purchase price. He chose not to cancel the State Farm liability insurance policy, which was to expire by its terms on July 9, 1985.

The collision occurred on June 9, 1985. As of that date, Guffie had paid Sherman $900 toward the $1,000 purchase price of the vehicle. Sherman reported the accident to State Farm on June 17, 1985, and simultaneously disclosed to State Farm his previous sale of the vehicle to Guffie. The appellant thereafter brought suit against Guffie and Sherman to recover for his alleged loss. State Farm defended Sherman in that action but not Guffie, with the result that Sherman was awarded summary judgment (see *Mahone v. Sherman*, 187 Ga. App. 540 (370 SE2d 806) (1988)), while Guffie suffered a default judgment in the amount of $35,000. In the present action against State Farm, the appellant seeks to collect his judgment against Guffie. *Held*:

1. The policy specifies that State Farm will: "1. Pay damages which an insured becomes liable to pay because of: (a) bodily injury to others, and (b) damage to or destruction of property including loss of its use, caused by accident resulting from the ownership, maintenance or use of your car; and 2. Defend any suit against an insured for such damages with attorneys hired and paid by us." The term "insured" is defined by the policy as "1. You [i.e., the named insured]; 2. Your spouse; . . . [or] 4. *Any other person while using such a car if its use is within the scope of consent of you or your spouse.*" (Emphasis supplied.) While State Farm concedes that the policy was in force at the time of the accident, it contends that Guffie cannot be considered an insured within the contemplation of the policy because Sherman no longer owned the vehicle and consequently was powerless to consent to Guffie's use of it. We disagree.

In *Auto-Owners Ins. Co. v. Smith*, 178 Ga. App. 420 (343 SE2d 129) (1986), we held that an insurer could not escape liability for damages caused by the operation of a vehicle owned by the named insured's son where the vehicle in question was specifically described in the policy declarations and where the policy did not specifically purport to exclude coverage with respect to scheduled vehicles which were not actually "owned" by the policyholder or titled in his name. More recently, in *Watson v. Southern Ins. Co.*, 185 Ga. App. 223 (363 SE2d 629) (1987), we held that an insurer could not escape liability

for damages caused by the operation of a non-owned automobile identified as an insured vehicle on the declarations page of the policy, even though by its terms the policy in that case purported to cover persons other than the named insured only in connection with their use of vehicles which were both " 'owned by the named insured and described in the declarations.' " Id. at 224.

While acknowledging that the foregoing cases are factually distinguishable in that the identity and existence of the drivers involved therein were known to the insurers at the time the policies were issued, we find that the rationale upon which those cases were decided is equally applicable to the present case. As stated by the court in *Auto-Owners Ins. Co. v. Smith,* supra, 178 Ga. App. at 422-423: "It would have been a simple matter for the insurer to have drawn its policy so as to extend coverage only to such vehicles as [the policyholder] actually 'owned' or as were 'titled' in his name. However, construing the policy, as actually written, against the insurer and giving due consideration to this state's public policy as regards compulsory motor vehicle liability insurance, the trial court's ruling in favor of the existence of liability coverage was correct." Compare *Integon Indem. Corp. v. Canal Ins. Co.,* 256 Ga. 692 (353 SE2d 186) (1987) (where a contrary result was reached with respect to the operation by the named insured of a non-owned vehicle which was *not* described in the policy declarations).

Because Guffie was unquestionably operating the insured vehicle with the approval and consent of the named insured at the time of the collision, and because the policy did not specifically provide for the termination of coverage in the event of a transfer of ownership of the insured vehicle, we hold, on the basis of the foregoing cases, that Guffie must be considered an "insured" under the terms of the policy.

2. The policy expressly required "the insured" both to give written notice of any accident as soon as reasonably possible and to forward to the insurer, as soon as practicable, every summons or legal process received by him. Pursuant to OCGA § 33-7-15 (b), a failure to comply with such a policy provision will, if prejudicial to the insurer, operate to "relieve the insurer of its obligation to defend its insureds under the policy and of any liability to pay any judgment or other sum on behalf of its insureds."

State Farm contends that it was relieved of any obligation to defend Guffie or to pay the judgment rendered against her because *she* never submitted the required notice. However, the evidence of record reveals without dispute that the named insured, Sherman, reported the accident to State Farm eight days after it occurred and that he later mailed his copy of the appellant's complaint to State Farm four days after being served with it, along with a letter requesting the company to assume responsibility for the defense of the case.

It has been held that the notice requirement contemplated by OCGA § 33-7-15 is satisfied if the insurer receives notice of the suit *either* from an insured *or* from a third party. See *Berryhill v. State Farm Fire &c. Co.*, 174 Ga. App. 97, 100 (329 SE2d 189) (1985). Because the named insured in this case clearly disclosed to State Farm at the time he reported the accident the fact that Guffie had been operating the vehicle, and because the complaint which he later forwarded to State Farm identified both himself and Guffie as defendants, there can be no question that the notice received by State Farm was adequate to enable it to protect its interests. We accordingly conclude that the statutory and contractual notice requirements were satisfied, with the result that State Farm was neither relieved of its obligation to defend the suit nor to pay the judgment entered against Guffie. Therefore, we hold that the trial court erred both in granting summary judgment to State Farm and in denying summary judgment to Mahone with respect to this issue.

*Judgment reversed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 19, 1988 —
REHEARING DENIED OCTOBER 4, 1988 

*Herald J. A. Alexander,* for appellant.
*Jeffrey F. Leasendale, Richard G. Greer,* for appellee.