## A92A1413. CHADBROOKE INSURANCE COMPANY v. FOWLER et al.
## A92A1414. EMMETT ENTERPRISES, INC. v. FOWLER et al.
### (426 SE2d 578)

POPE, Judge.

On December 22, 1988, Stacey Fowler and her daughter Tonya were injured in an automobile collision. On January 31, 1989, Stacey and her husband Henry Fowler filed a negligence action against Jeffery Storey, the driver of the other car involved in the collision. Storey was served with the complaint on March 2, 1989. On October 25, 1989, Tonya Fowler was also made a party-plaintiff to the proceedings. Storey failed to answer the complaint or otherwise interpose a defense to the action against him, and on December 19, 1989 a default judgment was entered against Storey in favor of plaintiffs pursuant to which plaintiffs were awarded over $1,000,000 plus costs and interest.

Following an assignment of rights from Storey, plaintiffs filed the present action against defendants/appellants The Chadbrooke Insurance Company (Chadbrooke), Storey's alleged automobile liability insurance carrier, and Emmett Enterprises, Inc. d/b/a Esquire Insurance Agency (Esquire), the insurance broker who allegedly obtained the insurance policy for Storey. Defendants filed separate motions for summary judgment, or in the alternative motions for partial summary judgment, contending, inter alia, that no policy or binder of insurance was in effect at the time of the collision[1] and that, assuming coverage was available at the time of the accident, plaintiffs' action was barred because Storey failed to provide Chadbrooke with timely notice of the negligence action against him. The trial court denied defendants' motions for summary judgment and contemporaneously issued a certificate of immediate review. We granted defendants' applications for interlocutory review, and defendants filed their notices of appeal to this court. We now reverse the trial court's denial of summary judgment in this case.

Defendants filed separate enumerations of error and briefs on appeal, asserting similar but not identical arguments to this court. However, we find it unnecessary to address defendants' appeals sepa-

---

[1] We agree with the trial court that the facts concerning whether a policy or binder of insurance issued by Chadbrooke to Storey was in effect at the time of the collision are in dispute. According to Storey, he completed the necessary application for insurance in Esquire's office on November 28, 1988 and left the office that day with an insurance identification card and the belief that he had insurance coverage. According to Esquire's agent, Stacey Green, Storey visited Esquire's office on November 28, 1988 but the application was not completed and Storey left the office with the understanding that the application would be completed and a policy issued when he returned with a premium payment. According to Green, Storey did not return to Esquire's office until December 30, 1988, at which time he paid part of the premium and the application was completed and a binder of insurance issued.

rately, inasmuch as we have determined that both defendants are entitled to summary judgment on the basis that the alleged insurer in this case did not receive notice of the lawsuit in accordance with OCGA § 33-7-15.

OCGA § 33-7-15 (a) requires insurers issuing automobile liability insurance policies covering vehicles principally garaged or used in this state to include in their policies a provision requiring the "insured to send his insurer, as soon as practicable after the receipt thereof, a copy of every summons or other process relating to the coverage under the policy and to cooperate otherwise with the insurer in connection with the defense of any action or threatened action covered under the policy." In accordance with this provision, Chadbrooke's policies contained a requirement stating that "[i]f claim or suit is brought against a person insured, any legal papers received by a person insured relating to such claim or suit must be sent to *us* promptly." It is uncontroverted that Storey, the alleged insured in this case, never sent defendants a copy of the lawsuit filed against him on account of the December 22 accident or in any way notified the defendants of the pendency of the claims against him. "Pursuant to OCGA § 33-7-15 (b), a failure to comply with such a policy provision will, *if prejudicial to the insurer,* operate to 'relieve the insurer of its obligation to defend its insureds under the policy and of any liability to pay any judgment or other sum on behalf of its insureds.'" (Emphasis supplied.) *Mahone v. State Farm Mut. Auto. Ins. Co.,* 188 Ga. App. 664, 666 (2) (373 SE2d 809) (1988).

The question then is whether the failure of the insured to notify the insurer resulted in prejudice to the insurer in this case. In *Champion v. Southern Gen. Ins. Co.,* 198 Ga. App. 129 (401 SE2d 36) (1990), we held that "[proof] that the insurer received no notification of a suit brought against its insured until after final judgment had been entered in a default situation is sufficient to carry the insurer's burden of showing prejudice under OCGA § 33-7-15 (b) so as to relieve the insurer of its obligations under the policy to defend the suit and pay any judgment entered against its insured." Id. at 132. Plaintiffs argue, however, that *Champion* is distinguishable from the present case because prior to the entry of the default judgment against the insured, *plaintiffs* sent certain discovery documents and correspondence to Chadbrooke which, plaintiffs argue, put the insurer on notice of plaintiffs' claims against the insured.

Subsection (c) of OCGA § 33-7-15 governs when notice to the insurer by a third party will satisfy the requirements of OCGA § 33-7-15. That section provides as follows: "Subsections (a) and (b) of this Code section shall not operate to deny coverage for failure to send a copy of a summons or other process relating to policy coverage if such documents are sent by a third party to the insurer or to the insurer's

agent by certified mail within ten days of the filing of such documents with the clerk of the court. If the name of the insurer or the insurer's agent is unknown, the third party shall have a period of 30 days from the date the insurer or agent becomes known in which to send these required documents. Such documents must be sent to the insurer or agent at least 30 days prior to the entry of any judgment against the insured."

The record shows without dispute that the plaintiffs did not send a copy of the "summons or other process" within ten days of the filing of the lawsuit in this case. The record does show that on November 10, 1989, plaintiffs "faxed" a copy of a request for production of documents to Chadbrooke and on November 16, 1989, plaintiffs sent defendants certain other discovery requests. However, plaintiffs did not send Chadbrooke a copy of the *summons* or *complaint* 30 days prior to the entry of the default judgment in this case as mandated by the statute. Moreover, the discovery requests which were sent 30 days prior to the entry of judgment merely sought information concerning insurance coverage for the year 1988, or alternatively, for the month of December 1988, and contained no reference to any facts relating to the December 22, 1988 accident. A letter accompanying the document sent November 10 simply stated that the information requested was to be used by plaintiffs "in a civil action, the style of which is on the request."[2] The primary purpose of the notice requirement contained in OCGA § 33-7-15 is to give the insurer an opportunity to make a timely and adequate investigation of all the circumstances. See, e.g., *Champion*, 198 Ga. App. at 131. The information received by Chadbrooke did not inform it of even the most basic facts concerning the accident and thus was clearly inadequate to enable Chadbrooke to protect its interests in this case. Consequently, the statutory and contractual notice requirements were not satisfied, with the result that Chadbrooke is relieved of its obligation to pay the judgment entered against Storey. The trial court thus erred in denying defendants' motions for summary judgment.

*Judgments reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 4, 1992 —
RECONSIDERATION DENIED DECEMBER 16, 1992

*Chambers, Mabry, McClelland & Brooks, Genevieve L. Frazier, Benjamin T. Hughes*, for appellant (case no. A92A1413).

*Dennis, Corry, Porter & Thornton, Robert E. Corry, Jr., Craig P. Siegenthaler*, for appellant (case no. A92A1414).

---

[2] Another letter was sent to Chadbrooke on November 28, 1989, notifying it that the suit against the insured was in default.