A93A0483. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. MARTIN et al.
(433 SE2d 315)

JOHNSON, Judge.

Bernard Martin, a minor, was riding his bicycle when he was hit by a truck driven by David Delk. The truck was owned by Larry Day. Martin's mother, Linda Thomas, individually and as Martin's next friend brought an action against Delk and Day seeking damages for the injuries he sustained. Below is a chronology of that action:

9/13/90 — Complaint filed naming Day and Delk as defendants.

9/14/90 — Day is served, although service is defective. Day admits in his deposition that he notified his insurer, Georgia Farm Bureau Mutual Insurance Company of the claim.

9/19/90 — Delk served.

10/20/90 — Delk fails to file answer and action against him goes into default.

11/1/90 — Plaintiffs send copy of complaint to Georgia Farm Bureau by certified mail.

11/3/90 — Delk's 15-day grace period to open default expires.

11/5/90 — Day is properly served and forwards papers to Georgia Farm Bureau.

11/9/90 — Not having received the return receipt on the certified

mailing of the complaint, plaintiffs personally serve Georgia Farm Bureau with the complaint.

12/4/90 — Georgia Farm Bureau files answer on behalf of Day.

12/14/90 — Evidentiary hearing fixes damages against Delk and judgment is entered. Day is voluntarily dismissed.

A second suit, and the underlying action in this appeal, was filed by plaintiffs against Georgia Farm Bureau seeking to recover the judgment against Delk pursuant to coverage under Day's policy. Georgia Farm Bureau filed a timely answer and a motion for summary judgment. The trial court denied the motion for summary judgment and we granted Georgia Farm Bureau's application for interlocutory appeal to review that ruling.

1. Georgia Farm Bureau claims that no coverage is available for a judgment against Delk because it had no proper notice of the underlying action. "The primary purpose of the notice requirement contained in OCGA § 33-7-15 is to give the insurer an opportunity to make a timely and adequate investigation of all the circumstances." (Citation omitted.) *Chadbrooke Ins. Co. v. Fowler*, 206 Ga. App. 778, 780 (426 SE2d 578) (1992). Most of the cases construing this statute have focused on whether the insured was prejudiced by the total absence of notice of an action. In this case, however, we need not weigh the prejudicial impact of lack of notice because Georgia Farm Bureau's insured, as well as counsel for the plaintiffs in the case, provided them with notice. This case is controlled by *Mahone v. State Farm Mut. Auto. Ins. Co.*, 188 Ga. App. 664 (373 SE2d 809) (1988), in which we held that: "[T]he notice requirement contemplated by OCGA § 33-7-15 is satisfied if the insurer receives notice of the suit *either* from an insured *or* from a third party." (Citation omitted.) Id. at 667 (2). In this case notice of the suit was provided by the insured, arguably twice. Day admitted that he gave notice of the original, albeit defective, service to Georgia Farm Bureau in September. He testified that he forwarded a copy of the complaint to his insurer on November 5. These actions fall squarely within the contemplation of OCGA § 33-7-15 (a). Not content to rely on the insured to give notice, plaintiffs' counsel also notified Georgia Farm Bureau of the suit in accordance with OCGA § 33-7-15 (c), personally serving it with a copy of the complaint more than 30 days before entry of a judgment.[1] Georgia Farm Bureau failed to avail itself of several opportunities to participate in the action against Delk. Summary judgment was properly denied regarding the issue of notice.

2. Georgia Farm Bureau argues that the trial court erred in deny-

---

[1] Georgia Farm Bureau argues that even though it was served 30 days prior to judgment, the action against Delk was already in default. This court notes that remedies are available for opening defaults, none of which were pursued by appellant.

ing its motion for summary judgment on the issue of limiting the amount of recovery to the policy limits and/or limiting recovery to the statutory maximum under the Georgia Motor Vehicle Accident Reparations Act because of Delk's failure to elect coverage as an additional insured. These arguments are without merit. In *Leader Nat. Ins. Co. v. Smith*, 177 Ga. App. 267, 277 (339 SE2d 321) (1985) we considered the question: "[W]hether the full amount of the judgments can be recovered when the insurer fails to defend under an obligation to do so. Or, on the other hand, is it protected by the policy limits?" We concluded, and the Supreme Court ultimately agreed, that whether the full amount of a judgment is recoverable is a jury question. *Leader Nat. Ins. Co. v. Kemp & Son*, 259 Ga. 329 (380 SE2d 458) (1989). We recognize that the underlying judgment in this case was against an additional insured under the policy, but that distinction does not affect the result. As noted by the court in *Leader Nat.*, supra, there is no automatic entitlement to recover the full amount of the judgment, but the extent of the damages is an issue for consideration by a jury. The trial court correctly denied summary judgment as to this issue.

Delk's failure to elect coverage does not limit recovery. As this court pointed out in *Starnes v. Cotton States Mut. Ins. Co.*, 194 Ga. App. 320, 322 (2) (390 SE2d 419) (1990), the presumption that an additional insured has waived coverage unless he has actively solicited it, is a principle which has been "honored as much in the breach as in the observance." As in *Starnes*, Delk apparently has no insurance coverage, nor could he be looked to for payment of any judgment entered against him. "Compulsory liability insurance is required not only for the benefit of the insured but to ensure compensation for innocent victims of negligent motorists. Thus, we conclude that while [Delk's] decision not to elect coverage as an additional insured may absolve [Georgia Farm Bureau] of responsibility *to him* in connection with the [appellees'] claim, it does not insulate the company from liability *to the [appellees]* for payment of any judgment which they might obtain against him based on his operation of the insured vehicle." (Citations and punctuation omitted.) Id. at 323 (2).

3. Georgia Farm Bureau argues that application of the notice provisions of OCGA §§ 33-7-15 (c) and 40-9-103 (c) violate its constitutional rights of due process and equal protection because the methods of notice outlined in those sections force them to bind the insurer to indemnify the inaction of the additional insured. Such is not the case. It has been repeatedly held that an insurance company may be relieved of liability for a default judgment against the insured when the notice provisions of OCGA § 33-7-15 have not been met. *Berryhill v. State Farm Fire &c. Co.*, 174 Ga. App. 97 (329 SE2d 189) (1985); *Chadbrooke*, supra.

4. It is clear that Georgia Farm Bureau had notice of the suit which named both Delk and Day as defendants. Therefore, there can be no question that this notice was adequate to enable it to protect its interests. Georgia Farm Bureau's failure to defend will not relieve it of its obligation to pay a judgment rendered in that action, regardless of any defenses it might have relied upon had it participated in the underlying action. See *Mahone*, supra; see also *Berryhill*, supra. Specifically, Georgia Farm Bureau had the opportunity to litigate the issue of whether Delk was a permissive user, and therefore an additional insured under the policy, but failed to do so. The issue has, therefore, been waived.

*Judgment affirmed. Blackburn and Smith, JJ., concur.*

DECIDED JUNE 8, 1993 —
RECONSIDERATION DENIED JUNE 28, 1993 — 

*Dillard, Bower & East, Bryant H. Bower, Jr.*, for appellant.
*Helms & Helms, Catherine H. Helms, J. Jeffrey Helms, Jr.*, for appellees.