A01A2171. THOMAS v. ATLANTA CASUALTY COMPANY.
(558 SE2d 432)

ELDRIDGE, Judge.

Atlanta Casualty Company brought a declaratory judgment action against its insured, Dimple B. Thomas, for not giving it notice of service of a renewal action in tort against her brought by Laura A. Maestas, which tort action resulted in a default judgment in excess of the minimum policy limits. Atlanta Casualty contended that it gave a reservation of rights notice to Thomas; however, there is no copy of any such notice in the record. Atlanta Casualty's declaratory judgment action stated "that it is uncertain as to whether that policy affords coverage for the judgment entered against Thomas in the Renewal Action." Thomas counterclaimed against Atlanta Casualty for bad faith in failing to settle the case for policy limits, which exposed her to a judgment in excess of the policy limits. Atlanta Casualty moved for summary judgment as to its declaratory judgment action and on Thomas' counterclaim which the trial court granted. On September 27, 2000, Thomas filed a motion to dismiss the declaratory judgment action based upon *Morgan v. Guaranty Nat. Cos.*, 268 Ga. 343 (489 SE2d 803) (1997). After several continuances, the trial court set the motions for hearing at 9:30 a.m. on January 3, 2001. At 8:30 a.m., prior to the hearing at 9:30 a.m. on January 3, 2001, Atlanta Casualty dismissed its declaratory action with prejudice and served notice to Thomas by depositing a copy in the mail on January 3, 2001. The trial court went ahead and heard Atlanta Casualty's

motion for summary judgment on all issues, ignoring in its order the voluntary dismissal, if it had notice. On January 22, 2001, the order granting the motion was filed after being prepared by the plaintiff, which indicated that the trial court had ruled in open court for the plaintiff and had directed the order's preparation by the prevailing party in open court on January 3, 2001, at the conclusion of the hearing and prior to the defendant's receipt of the dismissal in the mail as indicated by the certificate of service.

For the voluntary dismissal to be effective, the opposite party must be served with it or have actual notice of the dismissal; until such notice, the dismissal is dormant. *Jones v. Jones*, 230 Ga. 738, 739-740 (2) (199 SE2d 239) (1973). When plaintiff's counsel announces to the trial court the intent to voluntarily dismiss, signed a voluntary dismissal that day, and served upon the defense by mail, the voluntary dismissal does not occur until it is filed with the clerk and received by defense counsel. Id.; *Carter v. Digby*, 244 Ga. App. 217 (535 SE2d 273) (2000). The oral announcement of a ruling on summary judgment in open court constitutes a verdict, which prevents a voluntary dismissal taking effect. OCGA § 9-11-41 (a); *Guillebeau v. Yeargin*, 254 Ga. 490, 491-492 (1) (330 SE2d 585) (1985). In this case, if the dismissal had been effective, then the trial court lacked subject matter jurisdiction to grant summary judgment on the declaratory judgment. *Lakes v. Marriott Corp.*, 264 Ga. 475, 478 (448 SE2d 203) (1994); *Lotman v. Adamson Contracting*, 219 Ga. App. 898 (467 SE2d 224) (1996); *Smith v. Mem. Med. Center*, 208 Ga. App. 26, 28 (1) (430 SE2d 57) (1993).

> While a plaintiff is entitled to voluntarily dismiss an action without prejudice despite the inconvenience and irritation to the defendant, this Court . . . has held that a plaintiff may not voluntarily dismiss his complaint after the defendant has filed defensive pleadings seeking affirmative or other relief.

(Citations and punctuation omitted.) *Avnet, Inc. v. Wyle Laboratories*, 265 Ga. 716, 717-718 (1) (461 SE2d 865) (1995); accord *Brown v. Liberty County*, 247 Ga. App. 562, 568 (544 SE2d 738) (2001).

There was no uncertainty or insecurity with regard to future conduct for a declaratory judgment, and there existed material issues of fact as to the counterclaim; thus, we reverse.

1. The facts of this case are almost on all fours with *Morgan v. Guaranty Nat. Cos.*, supra at 344, which held that a declaratory judgment action by the insurer after judgment had been taken against the insured whom it failed to timely defend did not present a case for declaratory judgment, because there was no uncertainty and insecurity as to future conduct between the parties. OCGA § 9-4-1.

Therefore, the threshold issue is whether there exists subject matter jurisdiction for a declaratory judgment action where all the rights of the parties had become fixed prior to suit, and Atlanta Casualty is merely asserting its defenses to a breach of contract action by the insured. *Morgan v. Guaranty Nat. Cos.*, supra at 345-346; *Cotton States Mut. Ins. Co. v. Stallings*, 235 Ga. App. 212, 214 (508 SE2d 688) (1998); *Chattahoochee Bancorp v. Roberts*, 203 Ga. App. 405, 406 (416 SE2d 875) (1992).

In this case, all rights had accrued and judgment had been entered against the insured after the insurer engaged in her untimely defense after notice by a third party. Either Thomas had been served in the underlying tort action and failed to notify Atlanta Casualty, although there is some evidence that the third party gave such notice prior to taking a default judgment, or there was a factual issue. Atlanta Casualty either had prior notice of the renewed suit prior to judgment given by the third party and either negligently failed to defend or to settle within policy limits after the insured's demand or with conscious indifference it failed to timely defend by seeking to open a default, which may constitute bad faith, or it did not act in bad faith. Such issues of fact, which had already occurred, created no uncertainty as to what action Atlanta Casualty should take, because all rights had accrued among the parties so that it needed no guidance as to uncertainty from the trial court. Therefore, it could not use a declaratory judgment action to litigate its coverage defenses after the facts had taken place fixing everyone's rights. Further, there is no evidence in the record that Atlanta Casualty proceeded under any reservation of rights with Thomas.

A declaratory judgment action will not lie where the rights between the parties have already accrued, because there is no uncertainty as to the rights of the parties and risk as to taking future action. See *Empire Fire &c. Ins. Co. v. Metro Courier Corp.*, 234 Ga. App. 670, 671-672 (1) (507 SE2d 525) (1998); *Hatcher v. Ga. Farm &c. Ins. Co.*, 112 Ga. App. 711, 716-717 (3) (146 SE2d 535) (1965). An insurer cannot create a controversy for declaratory judgment action by filing a suit to determine rights that have already accrued from the prior action of the parties. *Miller v. Southern Heritage Ins. Co.*, 215 Ga. App. 173, 174-175 (1) (450 SE2d 432) (1994), overruled in part on other grounds, *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712 (470 SE2d 659) (1996). Declaratory judgment cannot confirm actions already taken by the insurer. *Norfolk &c. Ins. Co. v. Jones*, 124 Ga. App. 761, 763-764 (2) (186 SE2d 119) (1971). Since the judgment of default has already been entered, the setting aside of the judgment denied, and defense of the insured already undertaken, then there exists no justiciable issue as to the duty to defend. *Atlantic Wood Indus. v. Argonaut Ins. Co.*, 190 Ga. App. 814 (380 SE2d 504) (1989)

(determine duty to defend); *State Farm &c. Ins. Co. v. Allstate Ins. Co.*, 132 Ga. App. 332, 334-335 (208 SE2d 170) (1974) (determination of duty to defend prior to judgment on tort action); *Ditmyer v. American Liberty Ins. Co.*, 117 Ga. App. 512, 515-516 (1) (160 SE2d 844) (1968) (determine obligation to defend).

The General Assembly has vested in the superior court subject matter jurisdiction to decide actual cases of uncertainty as to future conduct under the Declaratory Judgment Act under limited circumstances.

> [S]ubject matter of which the court must have jurisdiction in order to enter a valid judgment is defined by the courts of this State as: "the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power."

*Williams v. Kaylor*, 218 Ga. 576, 580-581 (129 SE2d 791) (1963). When a purported declaratory judgment action does not meet the criteria for a declaratory judgment, the trial court must dismiss the action without prejudice for lack of subject matter jurisdiction or the appellate court will dismiss the action. Id. at 581; *Morgan v. Guaranty Nat. Cos.*, supra at 344; *Empire Fire &c. Ins. Co. v. Metro Courier Corp.*, supra at 673-674 (2).

2. In determining Thomas' compulsory counterclaim, this Court must also determine the issues raised in the declaratory judgment action because such issues are defenses to an action for bad faith. Therefore, Atlanta Casualty has maneuvered the trial court and this Court into deciding issues that should not have arisen absent suit by Thomas against Atlanta Casualty for bad faith, but are raised in this suit as a compulsory counterclaim, which counterclaim arose from the conduct of the insurer regarding an untimely defense after notice from a third party of the renewal suit. OCGA § 9-11-13 (a); contra *Colonial Penn Ins. Co. v. Hart*, 162 Ga. App. 333, 338 (6) (291 SE2d 410) (1982) (tort case against insured did not arise out of the same transaction or occurrence to constitute a compulsory counterclaim to the insurer's declaratory judgment action to determine coverage). To avoid such procedural gamesmanship of who gets to the courthouse first, the trial court should have dismissed the declaratory judgment action on its own motion for lack of subject matter jurisdiction.

3. The trial court erred in granting summary judgment on disputed issues of material fact raised by Thomas' evidence.

(a) On March 14, 1996, counsel for Maestas sent a certified letter to Atlanta Casualty with a copy of the renewed complaint, giving notice of the renewed action against Thomas; such notice was pro-

vided 392 days prior to any default judgment being taken. Thus, Atlanta Casualty's untimely defense of Thomas becomes an issue of either negligence, intentional misconduct, or no liability. Thomas in her answer to the declaratory judgment action pled that Atlanta Casualty had received notice of the renewal suit from Maestas, because Thomas had no knowledge of service made upon her. Further to the contrary, on January 7, 1999, John Marshall's affidavit alleges that Atlanta Casualty received the first notice of the renewal action from Maestas' counsel, although on March 14, 1996, Maestas' counsel had earlier provided notice and a copy of the suit, which creates a material issue of fact for jury determination. Such material issues of fact as to notice are for the determination not by the trial court but by the jury. OCGA § 33-7-15 (c); *Weekes v. Nationwide Gen. Ins. Co.*, 232 Ga. App. 144, 148-149 (500 SE2d 620) (1998) (notice by a third party to the insurer prior to default judgment); *Champion v. Southern Gen. Ins. Co.*, 198 Ga. App. 129, 132 (401 SE2d 36) (1990) (no notice to insurer until default judgment entered, but plaintiff's counsel agreed to set aside the judgment, giving rise to the inference that there was no prejudice to the insurer and creating a jury question).

(b) Under OCGA § 33-7-15 (c), where the insurer has received notice of the pending action not from the insured but from a third person, the insurer has not made out the defense of failure of notice of a pending action. *Ga. Farm &c. Ins. Co. v. Martin*, 209 Ga. App. 237, 238 (1) (433 SE2d 315) (1993), rev'd on other grounds, 264 Ga. 347 (444 SE2d 739) (1994); see also *Mahone v. State Farm &c. Ins. Co.*, 188 Ga. App. 664, 667 (2) (373 SE2d 809) (1988).

Where under OCGA § 33-7-15 (c), a third party gave notice to the insurer more than 30 days prior to judgment, as in this case, summary judgment as to notice should have been denied, leaving the issue of third-party notice up to a jury. *Ga. Farm &c. Ins. Co. v. Martin*, supra, 209 Ga. App. at 238 (notice by third party more than 30 days prior to judgment); *Chadbrooke Ins. Co. v. Fowler*, 206 Ga. App. 778, 779-780 (426 SE2d 578) (1992) (plaintiff failed to give notice more than 30 days prior to taking a default judgment); *Champion v. Southern Gen. Ins. Co.*, supra at 132 (no notice prior to default judgment but plaintiff offered to set aside the default judgment, creating a jury question as to prejudice).

(c) Atlanta Casualty contended that Thomas breached her contractual duty to provide notice under the policy. Thomas denied service in her affidavit as well as the affidavit of family members, which created a jury question as to the return of service by the marshal. However, service of notice by a third party raises a jury question as to notice and as to prejudice to Atlanta Casualty where default judgment had not been taken and a motion to open default was possible. OCGA § 33-7-15; *Ga. Farm &c. Ins. Co. v. Martin*, supra, 209 Ga.

App. at 238; *Chadbrooke Ins. Co. v. Fowler,* supra at 780. Counsel for the injured party can give the requisite notice of an accident under the policy to avoid a notice defense under the policy, because "it makes no difference who gives notice, so long as a reasonable and timely notice is given the company and it has actual knowledge of the pendency of a claim or suit." (Citation and punctuation omitted.) *State Farm &c. Ins. Co. v. Sloan,* 150 Ga. App. 464, 467 (3) (258 SE2d 146) (1979); *Stonewall Ins. Co. v. Farone,* 129 Ga. App. 471, 474 (199 SE2d 852) (1973). Thus, notice of the pending suit can also be given by a third party to comply with the policy condition.

(d) On February 18, 1999, Thomas' personal counsel made a demand upon Atlanta Casualty to settle the case within policy limits, because Atlanta Casualty had allowed the case to go to default judgment without defending even though it was on notice of the renewed suit since March 14, 1996. Instead of settling within the policy limits, Atlanta Casualty unsuccessfully sought to set aside the default judgment.

Although policy limits were the minimum coverage at $15,000, Atlanta Casualty in failing to timely defend and to pay policy limits after the default judgment was entered may be liable for bad faith and the full amount of the judgment where such consequential damages can be traced directly to the failure to timely defend. The issue of consequential damages, i.e., judgment in excess of the policy limits, and causation were matters for jury determination. *Leader Nat. Ins. Co. v. Kemp & Son, Inc.,* 259 Ga. 329, 330 (380 SE2d 458) (1989); *Atlanta Cas. Ins. Co. v. Gardenhire,* 248 Ga. App. 42, 44 (2) (545 SE2d 182) (2001). "[W]here an insurance company fails to offer a defense, it may be liable to its insured beyond the policy limits to the full amount of the judgment. . . . Nevertheless, we agree with Atlanta Casualty that a jury question exists as to the extent of its liability." (Citations omitted.) *Atlanta Cas. Ins. Co. v. Gardenhire,* supra at 44-45 (2).

In this case, Atlanta Casualty did not attempt to open the default prior to a default judgment being taken; it sought to set aside the default judgment after it was entered. Where the insured is in default, has a meritorious defense, and has a legal excuse for the default, and the insurer has notice of both the pending action and the default of the insured prior to plaintiff taking a default judgment, a jury question arises as to whether the insurer's failure to seek to open default constitutes bad faith, giving rise to liability. See generally *Ga. Farm &c. Ins. Co. v. Martin,* supra, 264 Ga. at 350-351.

(e) The failure either to settle within policy limits or to make an offer of settlement creates an issue of bad faith of the insurer, because the issue arises whether the insurer places its financial interest superior to the interests of its insured who is placed at great

risk for an excess judgment. "We think it clear that an even greater duty rests upon the [insurer] after a verdict in excess of the policy limitation has been returned and an offer of settlement within the policy is made." (Citations and punctuation omitted.) *U. S. Fidelity &c. Co. v. Evans*, 116 Ga. App. 93, 95-96 (2) (156 SE2d 809) (1967), aff'd, 223 Ga. 789 (158 SE2d 243) (1967). Where there was a default judgment already in excess of the policy limits, the insurer has the duty to act with the utmost good faith on behalf of the insured to dispose of the judgment against her without exposing her to the risk of excess liability inherent in the default judgment. "As a professional in the defense of suits, [the insurer] must use a degree of skill commensurate with such professional standards. As the champion of the insured, [the insurer] must consider as paramount [her] interests, rather than its own, and may not gamble with [her] funds." (Citations and punctuation omitted.) *U. S. Fidelity &c. Co. v. Evans*, supra, 116 Ga. App. at 95 (2). Where a default judgment is unlikely to be set aside on general grounds, for the insurer to refuse to settle but to seek to set the judgment aside and to appeal the denial raises an issue of bad faith. *U. S. Fidelity &c. Co. v. Evans*, supra, 223 Ga. at 789. When the insurer considers its own self-interest regarding whether or not to settle a case within policy limits, the insurer must give at least equal consideration to the interests of its insured under the facts and circumstances of the case. *U. S. Fidelity &c. Co. v. Evans*, supra, 116 Ga. App. at 95; see also *Southern Gen. Ins. Co. v. Holt*, 262 Ga. 267, 268-269 (1) (416 SE2d 274) (1992).

> It is no longer open to question in this State that the claim of an insured under an automobile liability policy for damages on account of the bad faith tortious refusal of the insurer to settle a liability claim against [her] within the policy limits resulting in damage to [her] in the form of a judgment in excess of the policy limits being returned against [her] is a legitimate charge against the insurer upon which recovery may be had by the insured.

(Citations omitted.) *Shaw v. Caldwell*, 229 Ga. 87, 91 (1) (189 SE2d 684) (1972); see also *Southern Gen. Ins. Co. v. Holt*, 200 Ga. App. 759, 761 (1) (409 SE2d 852) (1991), aff'd in part and rev'd in part, supra, 262 Ga. 267. "In deciding whether to accept an offer to settle a claim within policy limits, the insurer must accord the interest of its insured the same faithful consideration it gives its own interest. It is for the jury to decide whether the insurer has or has not so acted." (Citations and punctuation omitted.) *Southern Gen. Ins. Co. v. Holt*, supra, 200 Ga. App. at 761 (2).

Thus, finding Thomas with a default judgment against her,

Atlanta Casualty should have considered settlement to protect the insured instead of seeking a policy defense to void coverage which would expose the insured to liability on an excess default judgment.

(f) Where an insurer violates its fiduciary duty to its insured and puts its interests superior to its insured, such conduct may be found to be tortious, either negligent or bad faith. *Southern Gen. Ins. Co. v. Holt*, supra, 262 Ga. at 268-269 (1); *McCall v. Allstate Ins. Co.*, 251 Ga. 869, 870 (310 SE2d 513) (1984). Ignoring the notice of the renewal action prior to the default judgment being taken may constitute at a minimum negligence or at worst bad faith. "The jury generally must decide whether the insurer, in view of the existing circumstances, has accorded the insured 'the same faithful consideration it gives its own interest.' [Cits.]" *Southern Gen. Ins. Co. v. Holt*, supra, 262 Ga. at 268-269 (1).

Where there has been such entire want of care amounting to a conscious indifference to the consequences, this may constitute tortious conduct making punitive damages authorized in any action for negligence or intentional tort of bad faith; this creates a jury question as to whether clear and convincing evidence exists as to such conduct by Atlanta Casualty. OCGA § 51-12-5.1; *Brown v. StarMed Staffing*, 227 Ga. App. 749, 755 (4) (490 SE2d 503) (1997); see also *Southern Gen. Ins. Co. v. Holt*, supra, 200 Ga. App. at 768-770 (6), rev'd in part on other grounds. However, for the award of punitive damages to Thomas, she must recover some compensatory damages caused by either the negligence or bad faith of Atlanta Casualty. *Southern Gen. Ins. Co. v. Holt*, supra, 262 Ga. at 270 (2). However, in this case, the alleged tortious conduct of Atlanta Casualty may be found to have resulted in a judgment against Thomas in excess of her policy limits, which constitutes pecuniary damages necessary to support punitive damages. Id.

*Judgment reversed. Miller, J., concurs. Andrews, P. J., concurs in judgment only.*

DECIDED DECEMBER 19, 2001 —
RECONSIDERATION DENIED JANUARY 10, 2002 — 

*Robert H. Benfield, Jr., Slappey & Sadd, James N. Sadd*, for appellant.

*Mabry & McClelland, DeeAnn B. Waller*, for appellee.