A03A1732. CANAL INDEMNITY COMPANY et al. v. GREENE et al.
(593 SE2d 41)

BLACKBURN, Presiding Judge.

In this interlocutory appeal, Canal Indemnity Company and Strickland General Agency, Inc. ("Canal") appeal the trial court's denial of their motion for summary judgment contending that: (1) they were not provided with proper notice of the underlying action against their insured as required by OCGA § 33-7-15; (2) they were entitled to summary judgment due to the noncooperation of their insured; and (3) their insured could not assign any claims against them that he might possess. For the reasons set forth below, we affirm in part and reverse in part.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] "On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant." (Footnote omitted.) *Schneider v. Susquehanna Radio Corp.*[2]

> A defendant demonstrates entitlement to summary judgment by showing that the record lacks evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. The defendant does not need to affirmatively disprove the plaintiff's case, but may prevail simply by pointing to the lack of evidence. If the defendant does so, the plaintiff cannot rest on his pleadings, but must point to specific evidence that gives rise to a triable issue of fact.

(Footnotes omitted.) *O'Connell v. Cora Bett Thomas Realty.*[3]

This case arises out of an October 2000 automobile accident. Jennifer Greene and her two children, Ryan Matthews and Wanda Reynolds, ("Greene") were passengers in a sport utility vehicle which was involved in an accident with a pickup truck driven by Billie Stephens. Stephens, who was intoxicated at the time of the accident,

---

[1] OCGA § 9-11-56 (c).

[2] *Schneider v. Susquehanna Radio Corp.*, 260 Ga. App. 296, 298 (581 SE2d 603) (2003).

[3] *O'Connell v. Cora Bett Thomas Realty*, 254 Ga. App. 311 (563 SE2d 167) (2002).

was not the owner of the truck. Stephens had the truck on an extended test drive from Craig's Auto Sales, Inc., a used car dealer located in McRae. Craig's Auto Sales had a liability insurance policy issued by Canal.

Greene and her children were injured in the accident. Greene obtained counsel who, by letter dated November 10, 2000, informed Canal of the accident and demanded information regarding any applicable insurance policies. Canal hired Jack Camp, Jr., an independent insurance adjuster located in Savannah, to investigate the accident. By letter dated December 11, 2000, Camp responded to counsel for Greene's request for information regarding applicable insurance policies. Camp's letter also stated that "any and all future correspondence to Canal should be directed to my office."

After attempts to settle the case failed, Greene filed suit against Stephens on July 12, 2001. By letter dated July 18, 2001, counsel for Greene forwarded a copy of the complaint to Camp both by certified mail and by facsimile. The copy of the complaint sent to Canal included both a handwritten notation of the civil action number assigned to the case and the clerk of court's handwritten notation that the case had been filed on July 12, 2001. Both the cover letter which accompanied the copy of the complaint and the complaint itself showed that the action had been filed in the Superior Court of Ben Hill County. The copy of the complaint forwarded to Camp did not include a copy of the summons or of any return of service in the case.

After Camp received the complaint, Canal hired an attorney to represent Stephens in the suit. Stephens was served with the suit on September 26, 2001. Neither Stephens nor the attorney retained by Canal to represent him filed any pleadings in response to the complaint. After a hearing on damages, the Superior Court of Ben Hill County entered a default judgment against Stephens in the amount of $500,000.

Greene filed the action which is the subject of this appeal on March 13, 2002, seeking to collect the $500,000 judgment against Stephens from Canal. Subsequently, Greene amended the complaint, stating that Stephens had assigned any claims that he might have against Canal to her, and adding a claim as assignee of Stephens for bad faith failure to settle an insurance claim. Greene sought both compensatory damages of $500,000 and punitive damages of $1,500,000 on this claim.

Canal filed a motion for summary judgment on December 13, 2002. Following oral argument, the trial court denied Canal's motion by order entered February 13, 2003. The trial court issued a certificate of immediate review on the same day. This court granted Canal's application for interlocutory appeal on March 20, 2003.

1. Canal argues that it did not get proper notice of Greene's suit against Stephens and that the alleged failure of notice required the trial court to grant its motion for summary judgment. We disagree.

OCGA § 33-7-15 requires every motor vehicle liability insurance policy issued in this state to contain a provision "which specifically requires the insured to send his insurer, as soon as practicable after the receipt thereof, a copy of every summons or other process relating to the coverage under the policy." OCGA § 33-7-15 (a).[4] If the insured does not comply with this notice requirement and if the noncompliance is prejudicial to the insurer, the insurer is relieved of its obligations "to defend its insureds under the policy and of any liability to pay any judgment or other sum on behalf of its insureds."[5] The statute contains an exception to these notice requirements:

> Subsections (a) and (b) of this Code section shall not operate to deny coverage for failure to send a copy of a summons or other process relating to policy coverage if such documents are sent by a third party to the insurer or to the insurer's agent by certified mail or statutory overnight delivery within ten days of the filing of such documents with the clerk of the court.[6]

Stephens was an insured under the terms of the policy issued to Craig's Auto Sales by Canal. It is uncontroverted that Stephens did not forward to Canal a copy of the summons, complaint, or any other document served upon him in Greene's action against him. If Stephens' failure to provide notice of the action against him was prejudicial to Canal, Canal was relieved of its obligations to defend Stephens and to pay any judgment against him,[7] unless Greene fulfilled the provisions of OCGA § 33-7-15 (c).

Canal contends that Greene did not comply with the provisions of OCGA § 33-7-15 (c). Canal argues that sending a filed, stamped copy of the complaint to the insurer by certified mail does not fulfill the requirement that "a copy of a summons or other process relating to policy coverage" be sent to the insurer. Canal also argues that Greene was required to provide it with a copy of the return of service on Stephens.

"In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all

---

[4] OCGA § 40-9-103 (a) contains an identical requirement.

[5] OCGA § 33-7-15 (b).

[6] OCGA § 33-7-15 (c).

[7] See OCGA § 33-7-15 (b).

times the old law, the evil, and the remedy."[8] "The primary purpose of the notice requirement contained in OCGA § 33-7-15 is to give the insurer an opportunity to make a timely and adequate investigation of all the circumstances." (Punctuation omitted.) *Weekes v. Nationwide Gen. Ins. Co.*[9] "[S]uch notice allows an insurer 'to investigate and marshall defenses at a time when events are fresh in the witnesses' recollections.' " Id.

"A substantial compliance with any statutory requirement . . . shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by law."[10] In *Weekes*, the plaintiff mailed the insurance company a courtesy copy of the complaint and a copy of the return of service on the insured. Id. at 145. The insurance company sought to avoid liability by arguing that the plaintiff had not complied with OCGA § 33-7-15 (c) because the documents had not been sent by certified mail. Id. at 146. This court rejected strict construction of the statute stating "[s]uch construction undermines the statute's very purpose." Id. at 148 (3) (a). This court has repeatedly ruled that the notice requirement of OCGA § 33-7-15 was met when the insurer received a copy of the complaint from either its insured or a third party. *Mahone v. State Farm &c. Ins. Co.*[11] (insurance company received copy of complaint from insured); *Ga. Farm &c. Ins. Co. v. Martin*[12] (both insured and plaintiffs' counsel provided a copy of the complaint to the insurance company); *Aetna Cas. &c. Co. v. Empire Fire &c. Ins. Co.*[13] (OCGA § 33-7-15 notice requirement satisfied when insurance company received copies of the pleadings from another insurer); *Canal Indem. Co. v. Chastain*[14] (insurance company received copy of complaint from plaintiff); *Southeastern Security Ins. Co. v. Lowe*[15] (same); *Thomas v. Atlanta Cas. Co.*[16] (insurance company received copy of complaint in renewal action from plaintiff's counsel).

In support of its strict construction argument, Canal relies upon *Peachtree Cas. Ins. Co. v. Bhalock.*[17] *Peachtree* was a declaratory judgment action brought by an insurance company seeking a ruling on its

---

[8] OCGA § 1-3-1 (a).

[9] *Weekes v. Nationwide Gen. Ins. Co.*, 232 Ga. App. 144, 148 (3) (a) (500 SE2d 620) (1998).

[10] OCGA § 1-3-1 (c).

[11] *Mahone v. State Farm &c. Ins. Co.*, 188 Ga. App. 664 (373 SE2d 809) (1988).

[12] *Ga. Farm &c. Ins. Co. v. Martin*, 209 Ga. App. 237 (433 SE2d 315) (1993).

[13] *Aetna Cas. &c. Co. v. Empire Fire &c. Ins. Co.*, 212 Ga. App. 642 (442 SE2d 778) (1994).

[14] *Canal Indem. Co. v. Chastain*, 228 Ga. App. 255 (491 SE2d 474) (1997).

[15] *Southeastern Security Ins. Co. v. Lowe*, 242 Ga. App. 535 (530 SE2d 231) (2000).

[16] *Thomas v. Atlanta Cas. Co.*, 253 Ga. App. 199 (558 SE2d 432) (2002).

[17] *Peachtree Cas. Ins. Co. v. Bhalock*, 252 Ga. App. 328 (556 SE2d 218) (2001).

duty to defend and pay a default judgment in favor of Bhalock. Id. Bhalock had been injured in an automobile accident with a person driving a car belonging to Peachtree's insured. Id. Bhalock sent Peachtree's adjuster a demand letter along with "an unfiled, unstamped copy of an unverified complaint" which did not name Peachtree's insured as a defendant. Id. Peachtree received no other notice of the suit. Id. at 329. Approximately one year and eight months after sending the letter to Peachtree, Bhalock located the driver of the car in Miami, Florida, and had him served with the lawsuit. Id. Bhalock subsequently took a default judgment against the driver. Id. The dispositive issue in *Peachtree* was whether "the courtesy copy of an unfiled complaint forwarded to Peachtree" satisfied the requirements of OCGA § 33-7-15 (c). Id. at 330. This court held that "[u]nder these unusual circumstances, Peachtree did not have an opportunity to make a timely and adequate investigation of all the circumstances surrounding the underlying collision." Id. at 331. The court in *Peachtree* held that the notice requirement was not met.

This case is distinguished from *Peachtree* because while Bhalock sent only an unfiled, unstamped copy of an unverified complaint to Peachtree, Greene sent a copy of a filed complaint which included handwritten notations by the clerk of court containing the case number and filing date. Moreover, unlike the driver in *Peachtree*, Stephens did not move out of state and could be easily found, as shown by Greene's ability to locate Stephens approximately a month after the action was filed, and obtain a sworn statement from him regarding his lack of other insurance.[18] The trial court found that the holding in *Peachtree* was limited to the facts of that case and declined to extend that holding to encompass this case. We find no error in that ruling.

The trial court also found that had Greene mailed a copy of the summons to Canal, nothing would have been added to the information provided to Canal. A comparison of the summons form used in Ben Hill County and the copy of the complaint in Greene's action which was sent to Canal shows that the complaint provides all the information contained in the summons. Canal has not shown what additional information it would have garnered had it received a copy of the summons in addition to the copy of the complaint it received from Greene. Nor has Canal demonstrated how lack of such information deprived it of an opportunity to make a timely and adequate investigation of all the circumstances of the accident. The trial court

---

[18] Stephens' sworn statement was obtained in order to resolve a coverage issue raised by Canal. Greene's counsel provided a copy of Stephens' statement to Canal.

did not err in holding that Greene complied with the requirements of OCGA § 33-7-15 (c).

2. Canal also contends that the trial court erred by denying its motion for summary judgment based on the requirement in OCGA § 33-7-15 (a) that the insured cooperate with the insurer "in connection with the defense of any action or threatened action covered under the policy." Canal argues that Stephens failed to respond to phone calls and letters from Camp and to a letter sent by the counsel retained by Canal to defend him. Canal argues that Stephens' failure to cooperate was prejudicial to it per se.

The trial court found that there were issues of material fact as to whether Stephens' conduct constituted noncooperation within the meaning of the statute and whether Canal was prejudiced by Stephens' alleged noncooperation. The record shows that Stephens provided (1) a sworn statement to Greene's counsel dated April 18, 2001; (2) an assignment of his claims against Canal to Greene dated March 27, 2002; and (3) an affidavit in support of Canal's motion for summary judgment in Greene's action against Canal dated April 29, 2002. The record contains evidence that Greene's counsel had no difficulty locating Stephens and gaining his cooperation. The record also contains evidence that Canal never asked Greene's counsel where to locate Stephens. The record shows that Canal rejected its adjuster's suggestion that it have another adjuster go to Stephens' home town, Fitzgerald, to locate Stephens, responding that "[h]e will cooperate when he has been served suit papers." The record also shows that when Canal's adjuster went to Fitzgerald and located Stephens' residence, Stephens invited the adjuster into his residence and answered the adjuster's questions. Construing this evidence in the light most favorable to Greene, the trial court did not err in finding that material issues of fact remained as to whether Stephens was not cooperative within the meaning of the statute and whether Canal was prejudiced by Stephens' alleged noncooperation.

3. Canal also contends that the trial court erred in denying its motion for summary judgment on the bad faith failure to settle claim brought by Greene under the purported assignment from Stephens. Canal argues that an assignment of any claims that Stephens may have under OCGA § 33-4-6 and any claims he might have for punitive damages is invalid under Georgia law. Canal further argues that OCGA § 33-4-6 is the exclusive remedy for an insurer's bad faith denial of benefits.

Canal is correct that claims for statutory penalties pursuant to OCGA § 33-4-6 may not be assigned. *Southern Gen. Ins. Co. v. Ross.*[19]

---

[19] *Southern Gen. Ins. Co. v. Ross*, 227 Ga. App. 191, 196 (7) (489 SE2d 53) (1997).

However, Canal's argument that OCGA § 33-4-6 is the exclusive remedy for bad faith failure to settle claims of this type is not correct. This court has held that there are also tort claims for bad faith failure to settle. Id. "A claim for bad-faith failure to settle sounds in tort and involves, at least in part, a claim that the insurer's conduct exposed the insured's personal property to loss." Id. "A claim for 'a tort cause of action for compensatory damages for loss of property resulting from an insurer's bad-faith' may be assigned." *Thomas v. American Global Ins. Co.*[20] See also *Southern Gen. Ins. Co. v. Holt.*[21]

Canal is also correct that under Georgia law a right to punitive damages cannot be assigned. *Southern R. Co. v. Malone Freight Lines;*[22] *In re Estate of Sims.*[23] To the extent that the trial court held that Stephens could assign any claims he might have under OCGA § 33-4-6 and any claims he might have for punitive damages to Greene, the trial court erred. To the extent that the trial court held that Stephens could assign any tort cause of action he might have for compensatory damages for loss of property due to Canal's failure to settle Greene's suit against him, the trial court did not err.

*Judgment affirmed in part and reversed in part. Ellington and Phipps, JJ., concur.*

DECIDED DECEMBER 18, 2003 —
RECONSIDERATION DENIED JANUARY 8, 2004 

*Alembick, Fine & Callner, Mark E. Bergeson*, for appellants.
*John T. Croley, Jr.*, for appellees.

---

[20] *Thomas v. American Global Ins. Co.*, 229 Ga. App. 107 (493 SE2d 12) (1997).

[21] *Southern Gen. Ins. Co. v. Holt*, 262 Ga. 267, 270 (2) (416 SE2d 274) (1992).

[22] *Southern R. Co. v. Malone Freight Lines*, 174 Ga. App. 405, 408-409 (1) (330 SE2d 371) (1985).

[23] *In re Estate of Sims*, 259 Ga. App. 786, 791, n. 2 (578 SE2d 498) (2003).