[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 11-14078
Non-Argument Calendar

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2012
JOHN LEY
CLERK

D.C. Docket No. 7:09-cv-00118-HL

CONE FINANCIAL GROUP, INC.,

Plaintiff-Counter Defendant-Appellant,

versus

EMPLOYERS INSURANCE COMPANY OF WAUSAU,

Defendant-Counter Claimant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia

————————————————

(April 25, 2012)

Before MARCUS, MARTIN and COX, Circuit Judges.

PER CURIAM:

Employers Insurance Company of Wausau ("Wausau") issued Cone Financial

Group, Inc. ("Cone") a Workers Compensation and Employers Liability Insurance

Policy (the "Policy"). The Policy contained a high deductible endorsement. Under

the endorsement, Cone remained financially responsible for individual claims below the Policy's $250,000 deductible. When Wausau paid claims below the deductible, Cone would reimburse Wausau for amounts paid on these claims. Under the Policy, Wausau received a fee for handling these claims. The amount of the fee varied depending upon the aggregate amount of the claims. According to the complaint, Wausau received a higher fee by approving greater payments to claimants rather than closely scrutinizing claims. While the policy was in effect, Wausau administered forty claims for benefits. Because none of these claims met the high deductible, Cone was financially responsible to pay the claims. Wausau billed Cone for $275,000 in claims service fees.

Count One of Cone's complaint alleges that Wausau's claims handling procedure breached the insurance contract. It asserts that Wausau breached its implied duty to act in the best interest of Cone as it administered workers compensation claims. Alternatively, this count alleges Wausau breached its independent fiduciary duty to act in the best interest of Cone. After filing its answer to the complaint, Wausau filed a motion for a judgment on the pleadings on the first count of the complaint. The district court granted the motion, reasoning that Georgia law[1] does not

---

[1] The parties do not dispute the district court's conclusion that Georgia law governs this diversity case.

recognize a breach of contract claim based on the breach of either an implied or fiduciary duty of good faith.

In response to the court's entry of judgment on Count One of Cone's original complaint, Cone filed a motion to amend the complaint to add new claims for Bad Faith/Negligent Claims Handing and a claim for Breach of Fiduciary Duty/Improper Claims Handling. The court denied Cone's motion to add these counts. It held that an amendment would be futile because the counts would not withstand a Rule 12(b)(6) motion to dismiss. Cone now appeals, challenging both the district court's grant of Wausau's motion for judgment on the pleadings and the court's denial of Cone's motion for leave to amend its complaint. We affirm.

"We review *de novo* the grant of judgment on the pleadings by the district court." *Hardy v. Regions Mortg., Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006) (citing *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001)). We accept the facts as stated in the plaintiff's complaint as true and view them in the light most favorable to the plaintiff. *Id.* "If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002) (citing *White v. Lemacks*, 183 F.3d 1253, 1255 (11th Cir. 1999)).

When the district court granted Wausau's motion for judgment on the pleadings, it concluded that Georgia does not recognize an independent cause of action for breach of good faith and fair dealing. Then, it found that Cone's complaint did not allege the breach of any express term of the contract. The court continued by explaining that fiduciary duties between an insurer and insured only arise when the insurer is defending or settling a third-party tort claim on the behalf of the insured. Given that the circumstances of this case did not create this fiduciary duty, the court rejected Cone's claim of breach of a fiduciary duty.

On appeal, Cone does little to rebut the district court's reasoning. Instead, Cone argues that Wausau owed Cone a duty of good faith and fair dealing that could be implied from the contract, arose from the industry standard of care for claims handling, or derived from the doctrine of necessary implication. None of these arguments respond to the fundamental flaw the district court found with Cone's original complaint. The complaint as drafted states an independent breach-of-contract cause of action for breach of the duty of good faith. The district court decided Georgia law does not recognize this claim.

We agree with the district court's analysis of Georgia law on this issue. *See Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d 1414, 1429 (11th Cir. 1990) (holding that Georgia law does not recognize claim for breach of implied covenant of

4

good faith); *Onbrand Media v. Codex Consulting, Inc.*, 687 S.E.2d 168, 174 (Ga. Ct. App. 2009) (citations omitted) (stating that implied covenant of good faith does not provide independent basis of liability). Cone's complaint does not allege Wausau breached an express term of the insurance contact but instead relies on the breach of the implied duty of good faith. This is not a proper ground for a breach of contract claim under Georgia law. Therefore, we hold that the district court did not err by granting Wausau's motion for judgment on the pleadings as to Count One of Cone's complaint.

"We generally review the denial of a motion to amend a complaint for an abuse of discretion, but we review questions of law *de novo*." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010) (quoting *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007)). "[W]e review *de novo* a decision that a particular amendment to the complaint would be futile." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 (11th Cir. 1999)). If the complaint as amended would still be properly dismissed, then granting leave to amend is futile. *Id.* (citing *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004)).

Cone's arguments on appeal address the district court's denial of leave to amend to add Counts One and Two of the proposed amended complaint.[2] Count One of the proposed amended complaint alleges that Wausau owed Cone a duty to act in Cone's best interest. We agree with the district court that this count is simply an attempt to revive Count One that the district court dismissed on Wausau's motion for a judgment on the pleadings. Therefore, this amendment would be futile and the district court did not abuse its discretion by denying Cone's request to add this count.

Count Two of the proposed amended complaint alleges Wausau was Cone's agent and it breached its fiduciary duty to Cone. Cone fails to cite a single case applying Georgia law that recognizes a fiduciary duty in these circumstances based on this agency theory. While an insurer has a duty to act in good faith when the insurance company is defending or settling a third-party tort claim, *Thomas v. Atlanta Cas. Co.*, 558 S.E.2d 432, 439 (Ga. Ct. App. 2001), those circumstances are not present in this case. Like the first count, an amendment to add this count would also have been futile because it fails to state a claim for relief. The district court did not err by denying Cone's motion for leave to amend.

---

[2] To the extent Cone challenges the district court's disposition of the other counts in its proposed amended complaint, it has waived this issue. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

6

AFFIRMED.