S91G1556. SOUTHERN GENERAL INSURANCE COMPANY v. HOLT et al.
(416 SE2d 274)

FLETCHER, Justice.

We granted the writ of certiorari to determine whether an insured has a claim for bad faith against an insurance company for its failure to settle a claim within the policy limits based on a time-limited settlement offer by the injured person's attorney. We affirm the Court of Appeals' decision upholding the jury verdict against the insurance company for bad faith refusal to settle, but reverse the award of punitive damages to the insured.

Bridget Holt drove her automobile through a stop sign and injured Geneva Fortson on June 19, 1987. Holt's liability for the collision is undisputed and her insurance company, Southern General Insurance Company, paid Fortson's property damage claim. On July 27, 1987, Southern General's claims representative wrote Fortson's attorney seeking information on her personal injuries for settlement purposes. On October 7, 1987, Fortson's attorney wrote Southern General, offering to settle the claim within ten days for $30,000. He included medical bills and asserted claims for additional medical expenses and lost wages. He withdrew the offer on October 13 when Fortson entered the hospital for treatment of a ruptured disk. On October 19, he requested information on the amount of the policy. On October 28, Southern General refused to reveal the policy limits, but sought medical information on the ruptured disk.

On November 2, Fortson's attorney again wrote Southern General offering to settle Fortson's claim for the policy limits and stating

that her medical bills totaled more than $10,000 and her lost wages exceeded $5,000. Included with this letter were doctor's notes showing that Fortson had a herniated disk and medical bills totaling $6,568. The offer was good for ten days. On November 9, Fortson's attorney reiterated that the offer to settle for the policy limits was open until November 12. On November 10, he sent proof of additional expenses of $4,335. On November 12, he extended the offer to settle for the policy limits for five more days until November 17 and enclosed a certified copy of Fortson's complete medical records. Southern General did not seek more time to evaluate the claim or respond to the offer before it expired. On November 18, Fortson's attorney withdrew the settlement offer. On November 20 and again on December 4, Southern General offered to settle Fortson's claim for the policy limits of $15,000. Fortson rejected the offers. At trial, a jury returned a verdict of $82,000 in favor of Fortson.

Holt assigned her claim against Southern General for negligent or bad faith refusal to settle within the policy limits to Fortson. Fortson sued Southern General based on this assignment, seeking $67,000 plus interest for the insurance company's bad faith failure to settle. Holt additionally brought a claim for intentional infliction of emotional distress and for punitive damages. A jury awarded $83,000 in compensatory damages to Fortson and $25,000 in compensatory and $100,000 in punitive damages to Holt. The Court of Appeals affirmed the jury award of compensatory damages to Fortson and punitive damages to Holt, but reversed the award of compensatory damages to Holt. *Southern Gen. Ins. Co. v. Holt*, 200 Ga. App. 759 (409 SE2d 852) (1991).

1. Southern General argues that it should have been granted a directed verdict because it breached no duty to Holt in refusing to settle Fortson's claim by November 17. OCGA § 9-11-50 (a) provides for a directed verdict "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." The court must construe the evidence most favorably towards the party opposing the motion. The standard for appellate review of a directed verdict is the "any evidence" test. *Southern R. Co. v. Lawson*, 256 Ga. 798, 800 (353 SE2d 491) (1987).

An insurance company may be liable for damages to its insured for failing to settle the claim of an injured person where the insurer is guilty of negligence, fraud, or bad faith in failing to compromise the claim. *McCall v. Allstate Ins. Co.*, 251 Ga. 869, 870 (310 SE2d 513) (1984). In deciding whether to settle a claim within the policy limits, the insurance company must give equal consideration to the interests of the insured. *Great American Ins. Co. v. Exum*, 123 Ga. App. 515, 519 (181 SE2d 704) (1971). The jury generally must decide whether

the insurer, in view of the existing circumstances, has accorded the insured "the same faithful consideration it gives its own interest." Id.; see *U. S. Fidelity &c. Co. v. Evans,* 116 Ga. App. 93 (156 SE2d 809), aff'd, 223 Ga. 789 (158 SE2d 243) (1967).

An insurance company does not act in bad faith solely because it fails to accept a settlement offer within the deadline set by the injured person's attorney. *Grumbling v. Medallion Ins. Co.,* 392 FSupp. 717 (D. Or. 1975). Just like the court in *Grumbling,* we note:

> Nothing in this decision is intended to lay down a rule of law that would mean that a plaintiff's attorney under similar circumstances could "set up" an insurer for an excess judgment merely by offering to settle within the policy limits and by imposing an unreasonably short time within which the offer would remain open.

Id. at 721. We reject, however, Southern General's argument that an insurance company has no duty to its insured to respond to a deadline to settle a claim within policy limits *when the company has knowledge of clear liability and special damages exceeding the policy limits.* Rather, the issue is whether all the facts show sufficient evidence to withstand an insurance company's motion for directed verdict and permit a jury to determine whether the insurer acted unreasonably in declining to accept a time-limited settlement offer.

Despite Southern General's contention, its liability is not based solely on its failure to settle Fortson's claim within the time frame that her attorney set. The evidence shows that Holt's liability for the automobile accident was clear and that Fortson had medical bills and lost wages exceeding the limits of Holt's policy. Southern General's claims manager testified that the claims representative should have concluded Fortson's claim was a policy limits case after he saw the November 2, 1987 letter and enclosures. The insurance company's expert testified that it would not be unreasonable for Southern General to make an offer for the full policy limits before November 17, once the company concluded on November 2 that it was a policy limits case. Southern General's claims representative testified that he did not doubt the statements that Fortson's attorney wrote about her injuries, but needed the medical documents to support it. Yet, neither he nor the claims manager requested an extension of time to evaluate Fortson's claim. Reviewing the denial of the directed verdict motion under the "any evidence" standard and keeping in mind the duty of insurance companies to give equal consideration to the interests of their policyholders, both the trial court and Court of Appeals correctly found that a jury question was presented on Southern General's negligent or bad faith refusal to settle.

2. "[A] claim for punitive damages has efficacy only if there is a valid claim for actual damages to which it could attach. Punitive damages may not be recovered where there is no entitlement to compensatory damages." *Barnes v. White County Bank*, 170 Ga. App. 681 (318 SE2d 74) (1984); see *Foster v. Sikes*, 202 Ga. 122, 126 (42 SE2d 441) (1947) ("Since no injury is shown to the plaintiff . . ., he has no cause of action for punitive damages."). In the complaint, Holt sued for emotional distress and punitive damages after assigning her claim against the insurance company for bad faith refusal to settle. An assignment is a complete transfer of all rights, title, and interest in property. *Bank of Cave Spring v. Gold Kist*, 173 Ga. App. 679, 680 (327 SE2d 800) (1985). By transferring her right to recover from Southern General for its bad faith or negligent refusal to settle, Holt forfeited her right to sue the company for punitive damages based on that claim.

Holt argues that she is entitled to recover punitive damages because her assignee recovered compensatory damages. The Court of Appeals decision in *Southern R. Co. v. Malone Freight Lines*, 174 Ga. App. 405, 409 (330 SE2d 371) (1985), on which Holt relies, does not hold that an assignor can recover punitive damages after assigning its claim for compensatory damages. Rather, that decision prohibited the assignee from recovering exemplary damages under a statute governing actions against railroad companies.

We decline to create an exception to the rule that a party must have a valid claim for compensatory damages to recover punitive damages. Because Holt had no claim for compensatory damages after she assigned her bad faith claim and the Court of Appeals reversed her emotional distress claim, she may not recover punitive damages.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MAY 21, 1992 —
RECONSIDERATION DENIED JUNE 12, 1992.

*Freeman & Hawkins, Paul M. Hawkins, Michael J. Goldman,* for appellant.

*Charles A. Gower, Terry Lee Strawser, Kelly, Denney, Pease & Allison, Ernest Kirk II,* for appellees.

*Taylor & Harp, J. Sherrod Taylor, Jefferson C. Callier, William S. Stone, Middleton & Anderson, Elizabeth F. Bunce, Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Carol P. Michel, Neely & Player, John W. Winborne III, Julianna Kauderer, Wetzel & Carroll, Michael L. Wetzel, Frank J. Beltran, Foy R. Devine,* amici cu-

riae.