### A08A0983. FORTNER v. GRANGE MUTUAL CASUALTY COMPANY.

(669 SE2d 658)

JOHNSON, Presiding Judge.

On September 2, 2003, Cecil Fortner was injured when Alan Arnsdorff drove his pickup truck through a stop sign and slammed into Fortner's truck. Arnsdorff was insured by Grange Mutual Casualty Company under a policy with a bodily injury liability limit of $50,000, and his plumbing business had an additional $1 million in liability coverage with Auto Owners Insurance Company. In early November 2003, Fortner's attorney sent letters to the attorneys for Grange and Auto Owners, offering to settle all claims by accepting $50,000 from Grange and $750,000 from Auto Owners. The letters provided that if the offer was not accepted in writing within 15 days, then it would be irrevocably withdrawn. Auto Owners did not respond within the time period, but Grange responded that it would pay the $50,000 contingent upon Fortner signing a full release with indemnification language and dismissing his claim against Arnsdorff with prejudice. Fortner's attorney deemed this a rejection of his settlement offer and ceased further negotiations with Grange.

Fortner subsequently won a $7 million verdict against Arnsdorff, which was affirmed on appeal.[1] Arnsdorff then assigned to Fortner the right to pursue any cause of action that Arnsdorff might have against Grange based on its purported bad faith or negligent failure to settle the case. Fortner brought such an action against Grange, and the case was tried before a jury, which returned a verdict in favor of Grange. The trial court entered judgment on the verdict and denied Fortner's motion for a new trial. Fortner appeals.

Fortner contends that the trial court's jury charge concerning an insurance company's response to a settlement demand conditioned upon another insurance company's response was erroneous. The court charged the jury:

> In responding to a settlement demand, which demand is conditional upon the response of another insurance com-

---

[1] *Arnsdorff v. Fortner*, 276 Ga. App. 1 (622 SE2d 395) (2005).

pany, an insurance company can offer its policy limits in response to the demand and then let the plaintiff negotiate with the remaining insurers. In that situation, the insurance company would have given equal consideration to its insured's financial interest and fulfilled its duty to him. And you would return your verdict in favor of the defendant.

Fortner argues that the charge was not adjusted to the facts of the case and that it was an incorrect statement of law because the law requires that an insurer act reasonably in responding to a settlement offer. Fortner's arguments are without merit.

In *Cotton States Mut. Ins. Co. v. Brightman*,[2] the Supreme Court of Georgia noted that industry experts had agreed that in cases involving multiple defendants and insurance companies, one company can offer its policy limits in response to a demand and then let the plaintiff negotiate with the remaining insurers.[3] The Supreme Court went on to hold:

> [A]n insurance company faced with a demand involving multiple insurers can create a safe harbor from liability for an insured's bad faith claim . . . by meeting the portion of the demand over which it has control, thus doing what it can to effectuate the settlement of the claims against its insured. This rule is intended to protect the financial interests of policyholders in cases where continued litigation would expose them to a judgment exceeding their policy limits while protecting insurers from bad faith claims when there are conditions involved in the settlement demand over which they have no control.[4]

Contrary to Fortner's claims, the jury charge at issue in the instant case — in responding to a settlement demand which is conditional upon the response of another insurance company, an insurance company can offer its policy limits in response to the demand and then let the plaintiff negotiate with the remaining insurers — comports with the ruling in *Brightman* and is thus a correct statement of the law. Moreover, it was properly adjusted to the facts of the instant case since Fortner made a settlement demand that was conditional upon the responses of both Grange and Auto Owners.

---

[2] 276 Ga. 683 (580 SE2d 519) (2003).

[3] Id. at 686 (1).

[4] Id. at 687 (2).

And contrary to Fortner's arguments, the trial court did, in other parts of the charge, clearly instruct the jury that Grange had a duty to settle within policy limits, that it could be liable for an excess judgment entered against the insured based on a bad faith or negligent refusal to settle, and that the jury must determine if Grange acted reasonably in responding to the settlement offer. Furthermore, on a re-charge, the court reiterated that the jury must determine whether or not Grange acted reasonably in responding to the settlement offer and "if you find that Grange did not meet that portion of the plaintiff's demand over which it had control, then you would return your verdict in favor of the plaintiff."

> In order for a trial court's jury instruction to constitute reversible error, the party challenging the instruction must establish that the instruction was both legally erroneous and harmful. In determining whether this burden has been met, this Court looks at the jury charge as a whole to decide whether the law given in the disputed charge was adequately explained by other portions of the trial court's instruction.[5]

Taken as a whole, the jury charge at issue in this case was correct and not misleading and fully apprised the jury of the applicable law. Fortner has failed to carry his burden of establishing error and harm, and therefore the judgment of the trial court will not be disturbed.

*Judgment affirmed. Blackburn, P. J., Smith, P. J., Ellington and Phipps, JJ., concur. Barnes, C. J., and Miller, J., dissent.*

BARNES, Chief Judge, dissenting.

Because I cannot agree that the trial court did not err by charging the jury that the jury should find for the defendant[6] solely because it found that Grange had tendered its $50,000 policy limits, I must respectfully dissent. This charge was the equivalent of directing a verdict for Grange because the parties did not dispute

---

[5] (Citations and punctuation omitted.) *Lawyers Title Ins. Corp. v. New Freedom Mtg. Corp.*, 285 Ga. App. 22, 24 (1) (645 SE2d 536) (2007).

[6] The charge stated:

In responding to a settlement demand, which demand is conditional upon the response of another insurance company, an insurance company can offer its policy limits in response to the demand and then let the plaintiff negotiate with the remaining insurers. *In that situation the insurance company would have given equal consideration to its insured's financial interest and fulfilled its duty to him. And you would return your verdict in favor of the defendant.*

(Emphasis supplied.)

that Grange had tendered its policy limits. That was not the sole issue in the case. Instead, the broader issue was whether Grange was negligent in failing to settle Fortner's claim against Arnsdorff, Grange's insured, within its policy limits because it attached to the tender of its policy limits the conditions that Fortner must agree to sign a general release and must dismiss his complaint against the defendant with prejudice.[7]

Although it is true that this charge is based upon language in our Supreme Court's decision in *Cotton States Mut. Ins. Co. v. Brightman*, 276 Ga. 683, 687 (2) (580 SE2d 519) (2003), that

> an insurance company faced with a demand involving multiple insurers can create a safe harbor from liability for an insured's bad faith claim under [*Southern Gen. Ins. Co. v. Holt*, 262 Ga. 267 (416 SE2d 274) (1992),] by meeting the portion of the demand over which it has control, thus doing what it can to effectuate the settlement of the claims against its insured.

Id. Nowhere in *Brightman*, however, is there a statement that an insurance company may defeat any failure to settle claim, regardless of the circumstances, merely by tendering its policy limits, and that is the effect of this charge. Further, the question in *Brightman* was whether the insurance company was "excused, as a matter of law, from tendering its policy limits because the plaintiff's demand contained a condition over which Cotton States had no control." Id. at 685 (1). That was not a question in this case.

Immediately following the portion of *Brightman* upon which the charge in question was based, the Supreme Court explained:

> This rule is intended to protect the financial interests of policyholders in cases where continued litigation would expose them to a judgment exceeding their policy limits while protecting insurers from bad faith claims when *there are conditions involved in the settlement demand over which they have no control.*

(Emphasis supplied.) Id. at 687 (2).

This appeal is like *Brightman* because Fortner's settlement demand did make demands upon two insurance companies and

---

[7] Because the issue before us is solely whether the trial court's charge was erroneous, we need not consider whether Grange was unreasonable for so doing, or whether a limited release under OCGA § 33-24-41.1 would have adequately protected Arnsdorff's interests, or whether Fortner correctly determined that executing the general release and dismissing his claims against Arnsdorff would have prejudiced his right to recover from Auto Owners Insurance Company.

Grange did tender its policy limits, but it is unlike *Brightman* because Grange added conditions to its tender: "This offer is only contingent upon the Plaintiff signing a full release with indemnification language and dismissing the claim of Cecil Fortner against Alan Lee Arnsdorff with prejudice." As including these conditions in Grange's response to Fortner's policy limits demand was solely Grange's decision, they were not conditions over which Grange had no control. Our law does not require that these conditions be included and nothing in the case otherwise demanded that they be included in the response. Under these circumstances, the charge based upon *Brightman* was not appropriate because it was not tailored to fit the evidence and issues in this case. Consequently, the trial court erred by giving it even though it was derived from *Brightman*.

It is well settled in this State that language used by appellate courts in decisions may embody sound law, but it is not always proper to use such language in a jury charge. *Dept. of Transp. v. Hillside Motors*, 192 Ga. App. 637, 640 (3) (385 SE2d 746) (1989). When determining whether a particular charge is erroneous, we consider the jury charge as a whole, id., and we consider whether the disputed charge was adequately explained by other portions of the trial court's charge. *Lawyers Title Ins. Corp. v. New Freedom Mtg. Corp.*, 285 Ga. App. 22, 24 (1) (645 SE2d 536) (2007). Merely stating the correct burdens upon the parties elsewhere in the charge, however, does not mean that an erroneous charge was harmless.

> An erroneous and injurious instruction is not cured by a correct statement of law in another part of the charge to the jury wherein the incorrect charge is not expressly withdrawn from the jury's consideration and their attention directed thereto. Rather than clarifying the issue for the jury, the juxtaposition of internally inconsistent and mutually incompatible instructions on the issue of [the burden on Grange] could have misled and confused the jury over the [acts necessary for Grange to "create a safe harbor from liability"].

(Citations and punctuation omitted.) Id. at 26 (1). Consequently, because "the erroneous instruction did not [only deflect] the jurors . . . from the true issues in dispute, but actually authorized them to return a verdict in favor of [Grange] based [up]on [an] invalid theory of [defense]," the charge given was harmful error and the judgment in favor of Grange must be reversed. (Citation and punctuation omitted.) Id. at 27 (1).

Accordingly, as I would reverse the judgment of the trial court, I

must respectfully dissent.

I am authorized to state that Judge Miller joins in this dissent.

MILLER, Judge, dissenting.

I join fully in Chief Judge Barnes's dissent. I write separately, however, to emphasize that the majority opinion represents a significant modification of Georgia bad faith insurance law. Given that this change will, under some circumstances, relieve insurers of their obligation to make a good faith effort to settle claims within an insured's policy limits, I cannot agree with it.

I acknowledge that the jury instruction at issue represents an accurate statement of the Supreme Court of Georgia's decision in *Cotton States Mut. Ins. Co. v. Brightman*, 276 Ga. 683 (580 SE2d 519) (2003). In this case, however, that "statement of the law" operated to prevent the jury from deciding the critical, factual issue in a bad-faith failure to settle claim: whether the insurer, *in view of the existing circumstances*, acted reasonably in responding to a settlement demand. See id. at 685 (1); *Southern Gen. Ins. Co. v. Holt*, 262 Ga. 267, 268-269 (1) (416 SE2d 274) (1992). Notably, the majority opinion gives little, if any, consideration to this central issue. Instead, it summarily concludes, without analysis, that the holding in *Brightman* applies here even though the circumstances of this case are markedly different.

*Brightman* involved two separate insureds: the driver of the van causing the plaintiff's injuries and the owner of that van. The driver and the owner were each insured under separate insurance policies. The plaintiff's attorney made a joint settlement offer, demanding the policy limits of both policies. Neither insurance company responded, and the jury returned a joint verdict against the driver and the owner that was approximately $1.4 million in excess of their combined policy limits. The owner brought a bad-faith failure to settle claim against her insurer, Cotton States, who defended on the grounds that, because the settlement was conditioned on the driver's insurer tendering its policy limits, the settlement was contingent upon conditions over which Cotton States had no control. The Supreme Court of Georgia rejected this argument, noting that Cotton States could have offered its policy limits in exchange for a release of its insured from liability, leaving the plaintiff to pursue his claim against the driver and the driver's insurer.

> If Cotton States had tendered its policy limits while the plaintiff's offer was pending, it would have done everything within its control to accept the plaintiff's offer and thus protect *its policyholder* from an excess verdict. In that situation, the insurance company would have given equal

consideration to its insured's financial interests and fulfilled its duty to her.

(Emphasis supplied.) Id. at 686 (1).

Thus, the jury instruction at issue represents a correct statement of law as to those cases involving facts similar to those found in *Brightman*. Those cases would involve two or more insureds, each of whom is insured under a separate policy, and circumstances which would allow an insurer to settle the claims against its insured without impacting the plaintiff's ability to recover against other defendants or under other insurance policies. Such circumstances do not exist here.

Admittedly, the current case resembles *Brightman* in that it also involves two insurance policies. Unlike *Brightman*, however, this case arguably involves only one insured; it is unclear how one would separate Arnsdorff's personal liability from the vicarious liability of his plumbing business. Grange apparently gave no consideration as to how its demands for a release and indemnification agreement and for Fortner to dismiss his claims against Arnsdorff with prejudice would impact Fortner's claims against Arnsdorff's plumbing business. Nor did Grange appear to consider whether or how these demands might affect Fortner's ability to recover the $1 million in coverage available under the Auto Owners' policy covering the plumbing business. Thus, Grange conditioned payment of its $50,000 policy limits on the requirement that Fortner possibly relinquish a $7 million claim and forfeit an additional $1 million in otherwise available insurance proceeds.

The demands on which Grange conditioned settlement, and the potential legal impact a release and indemnification agreement and dismissal with prejudice could have, both on Fortner's claims against Arnsdorff's plumbing company and the coverage available under the Auto Owners' policy, were circumstances that the jury should have been allowed to consider in determining whether Grange's conduct was reasonable. Similarly, the jury should have been allowed to consider the reasonableness of Grange's conduct in light of the existence of OCGA § 33-24-41.1, under which Grange could have attempted to negotiate a settlement that relieved its insured, Arnsdorff, from liability in excess of any applicable insurance coverage. That statute provides, in relevant part:

> (a) In any instance where a claim arising out of a motor vehicle accident is covered by two or more insurance carriers, one such carrier may tender, and the claimant may accept, the limits of such policy. . . . Such claimant . . . may

execute a limited release applicable to the settling carrier and its insured based on injuries to such claimants. . . .

(b) The limited release provided for in subsection (a) of this Code section shall:

(1) Release the settling carrier from all liability from any claims of the claimant . . . based on injuries to such claimant . . . ; and

(2) *Release the insured tort-feasor covered by the policy of the settling carrier from all personal liability* from any and all claims arising from the occurrence on which the claim is based *except to the extent other insurance coverage is available which covers such claim or claims.* . . .

(d) The limited release of the settling carrier provided for in subsection (a) of this Code section *shall not*:

(1) Bar a claimant's recovery . . . under any other policy of insurance or *release any other insurance carrier providing applicable coverage unless specifically provided for in such release*; . . .

(4) Release the tort-feasor from personal liability to the extent that there is other insurance in effect which covers the said claim or claims, but only to the extent of such other insurance.

(Emphasis supplied.)

The trial court, however, prevented the jury from considering any of the foregoing circumstances when it instructed the jurors that, if they found that Grange had offered its policy limits, they were obligated to return a verdict for Grange.

By summarily concluding that the holding in *Brightman* applies to this case, the majority announces a significant modification to the law of insurance bad faith. Specifically, the majority offers insurers a court-sanctioned method of circumventing the requirement that, in deciding whether to settle within policy limits, an insurer must afford the interests of its insured "the same faithful consideration it gives its own interest." (Citations and punctuation omitted.) *Holt*, supra, 262 Ga. at 269 (1). See also *Brightman*, supra, 276 Ga. at 685 (1) (noting that "the interests of the insurer and insured diverge when a plaintiff offers to settle a claim for the limits of the insurance policy"). Under the majority holding, any time two or more insurers are defending a claim, any one of them may avoid a bad faith failure to settle by offering its policy limits, even though it makes such an offer contingent on conditions that a plaintiff is guaranteed to reject. In other words, insurers in such cases no longer have a duty to make a good faith effort to settle claims within policy limits.

DECIDED SEPTEMBER 24, 2008 —
RECONSIDERATION DENIED NOVEMBER 19, 2008 — 

*Savage, Turner, Pinson & Karsman, Robert B. Turner, Kathryn H. Pinckney, Parks, Chesin & Walbert, David F. Walbert, Marion T. Pope, Jr.*, for appellant.

*Martin Snow, Robert R. Gunn II, Thomas P. Allen III, John S. Edwards, Oliver & Maner, Inman G. Hodges*, for appellee.

*Daugherty, Crawford, Fuller & Brown, Jason L. Crawford*, amicus curiae.