S09G0492. FORTNER v. GRANGE MUTUAL CASUALTY COMPANY.
(686 SE2d 93)

NAHMIAS, Justice.

We granted certiorari in this case, *Fortner v. Grange Mutual Cas. Co.*, 294 Ga. App. 671 (669 SE2d 658) (2008), to consider whether the Court of Appeals properly interpreted the "safe harbor" provision recognized in *Cotton States Mut. Ins. Co. v. Brightman*, 276 Ga. 683 (580 SE2d 519) (2003). Because we conclude the Court of Appeals did not, we reverse.

In 2003, Cecil Fortner was injured in a car accident caused by Alan Arnsdorff. Arnsdorff had a policy with Grange Mutual Casualty Company with a bodily injury liability limit of $50,000, and his plumbing business had $1 million in liability coverage with Auto Owners Insurance Company. Fortner offered to settle all claims for $50,000 from Grange "contingent upon" Auto Owners' payment of $750,000. Auto Owners did not respond within the time set forth by Fortner, but Grange responded that it would pay the $50,000 contingent upon Fortner "signing a full release with indemnification language" and dismissing his claim against Arnsdorff with prejudice. Fortner considered this a rejection of his offer and went to trial, where he won a $7 million verdict against Arnsdorff, which was affirmed on appeal. *Arnsdorff v. Fortner*, 276 Ga. App. 1 (622 SE2d 395) (2005). Arnsdorff then assigned to Fortner any cause of action he might have against Grange based on its alleged bad faith in failing to settle.

Fortner brought a bad faith claim against Grange, and a jury returned a verdict in favor of Grange. On appeal, Fortner contended that the trial court erred in giving the following charge to the jury:

> In responding to a settlement demand, which demand is conditional upon the response of another insurance company, an insurance company can offer its policy limits in response to the demand and then let the plaintiff negotiate with the remaining insurers. In that situation, the insurance company would have given equal consideration to its insured's financial interest and fulfilled its duty to him. And you would return your verdict in favor of the defendant.

The divided Court of Appeals found no error in the charge. The

majority concluded that the charge was consistent with this Court's decision in *Brightman* and "was properly adjusted to the facts of the instant case since Fortner made a settlement demand that was conditional upon the responses of both Grange and Auto Owners." *Fortner*, 294 Ga. App. at 672. We conclude, however, that the charge was erroneous, and so we reverse.

If an insurer acts in bad faith in refusing to settle a personal claim against its insured within the policy limits, it may be liable for an excess judgment entered against its insured. *Brightman*, 276 Ga. at 684. The insurer's actions must be "judged by the standard of the ordinarily prudent insurer." Id. at 685. Whether an insurance company acts in bad faith in refusing to settle depends on "whether the insurance company acted reasonably in responding to a settlement offer," bearing in mind that, in deciding whether to settle, the insurer must give the insured's interests the same consideration that it gives its own. Id. at 685-686; *Southern Gen. Ins. Co. v. Holt*, 262 Ga. 267, 268-269 (416 SE2d 274) (1992).

In *Brightman*, we explained how an insurer may seek to satisfy this standard of reasonableness and thereby create a "safe harbor" for itself when the plaintiff makes a settlement offer containing a condition that is beyond the control of the insurer. *Brightman*, like this case, involved two insurers, and the plaintiff made a settlement offer to one insurer conditioned upon the second insurer also tendering its policy limits, a condition that was beyond the control of the first insurer. *Brightman*, 276 Ga. at 684. The first insurer did not tender its policy limits in response to the settlement offer, and a jury later found the insurer acted unreasonably in failing to do so. Id. Although we concluded the evidence was sufficient to support the jury's verdict, we stated that, when a settlement offer contains a condition beyond an insurer's control, the insurer can create a "safe harbor from liability for an insured's bad faith claim . . . by meeting the portion of the demand over which it has control, thus doing what it can to effectuate the settlement of the claims against its insured." Id. at 687.

> This rule is intended to protect the financial interests of policyholders in cases where continued litigation would expose them to a judgment exceeding their policy limits while protecting insurers from bad faith claims when there are conditions involved in the settlement demand over which they have no control.

Id. In short, *Brightman's* "safe harbor" provision protects an insurer from liability under the reasonableness standard based on an allegation that it failed to satisfy a settlement condition *over which*

*it had no control.*

The Court of Appeals erred in holding that the jury charge in this case was consistent with *Brightman. Fortner*, 294 Ga. App. at 672. Like *Brightman*, this case involves multiple insurers and Fortner imposed a settlement condition over which Grange had no control. The trial court's charge would have been appropriate, and Grange would have been entitled to the "safe harbor from liability," if Grange had responded to the settlement condition beyond its control simply by offering its policy limits.

Instead, however, Grange conditioned its acceptance of Fortner's offer to settle on his signing a full release of Arnsdorff with indemnification language and dismissing his claim against Arnsdorff with prejudice. Grange's conditions required Fortner to forego any claim against Arnsdorff, thereby potentially forfeiting his access to Arnsdorff's company's $1 million liability policy with Auto Owners on a claim the jury ultimately valued at $7 million. These conditions clearly were *within* the insurer's control — Grange proposed them — and thus the case involved circumstances that the jury considering the subsequent bad-faith claim should have been allowed to consider in determining whether Grange acted reasonably in responding to the settlement offer. See *Fortner*, 294 Ga. App. at 677 (Miller, J., dissenting). Otherwise, if two or more insurers are involved in a case and the plaintiff makes a settlement offer to one insurer that conditions settlement on another insurer also settling, the first insurer could, as a matter of law, avoid a bad faith claim by offering its policy limits but making the offer contingent on unreasonable conditions that a plaintiff is guaranteed to reject. Id. at 678.

Here, the trial court's charge precluded the jury's consideration of the conditions added by Grange, as the court instructed the jury that it must return a verdict for Grange based solely on the fact that the insurance company tendered its policy limits, without regard to whether the conditions it added were a reasonable response to the settlement offer. The trial court's charge was not consistent with the "safe harbor" provision discussed in *Brightman* as adjusted to the evidence in this case. Although Grange argues to the contrary, our review of the record shows no other part of the trial court's charge that adequately corrected this error.

Accordingly, we must reverse the Court of Appeals' judgment. In doing so, we offer no opinion regarding whether Grange, in adding its own settlement conditions, "acted reasonably" and "like the ordinarily prudent insurer" in responding to Fortner's settlement offer. *Brightman*, 276 Ga. at 685, 687. See *Fortner*, 294 Ga. App. at 674, n. 7 (Barnes, C. J., dissenting) (noting that the sole issue on appeal was whether the jury charge was erroneous).

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 19, 2009 —
RECONSIDERATION DENIED NOVEMBER 23, 2009.

*Savage, Turner, Pinson & Karsman, Robert B. Turner, Kathryn H. Pinckney, Harris, Penn & Lowry, Darren W. Penn*, for appellant.

*Martin Snow, Robert R. Gunn II, Thomas P. Allen III, Oliver Maner, I. Gregory Hodges*, for appellee.

*Daughtery, Crawford, Fuller & Brown, Jason L. Crawford*, amicus curiae.