[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15778
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-02963-TWT


OWNERS INSURANCE COMPANY,

Plaintiff - Appellant,

versus

JOANNE PARSONS,
DONALD MCDANIEL,

Defendants,

MITCHELL WINFRED CHADWICK,
LINDA CHADWICK,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 20, 2015)

Before  TJOFLAT, WILSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Owners Insurance Company ("Owners") appeals the dismissal of its declaratory judgment action after the district court concluded that Owners lacked standing.  No reversible error has been shown; we affirm.

This appeal arises out of a car collision, in which the car driven by Donald McDaniel collided with the car driven by Mitchell Winfred Chadwick, resulting in severe injury to both drivers.  On the day of the accident, McDaniel's car was insured under an automobile liability insurance policy ("Policy") issued by Owners that provided bodily injury coverage of $50,000 per person, per occurrence.[1]

After the collision, Chadwick's lawyer sent Owners a time-limited demand letter ("Letter"), purportedly pursuant to O.C.G.A. § 9-11-67.1.  The Letter described various damages suffered by Chadwick as a result of the crash and included itemized medical bills totaling $46,770.  Briefly stated, the Letter then offered to settle Chadwick's claims against McDaniel and Parsons in exchange for (1) the $50,000 Policy limit and (2) either an additional $50,000 from McDaniel or

---

[1] The car McDaniel was driving at the time of the crash belonged to his mother, Joanne Parsons, and was covered by an insurance policy issued by Owners to Parsons.

2

evidence that McDaniel was insolvent.  The Letter gave Owners 30 days to accept the offer.  Owners failed to respond within the specified time.

Chadwick and his wife, Linda Chadwick (the "Chadwicks"), then filed a personal injury lawsuit against McDaniel and Parsons in state court.  Owners then offered to settle the underlying suit for the $50,000 Policy limit, but the Chadwicks rejected the offer.  Several months later, the Chadwicks offered to settle for $600,000.  No settlement agreement has been reached; the underlying suit for personal injury remains pending.

Owners filed this declaratory judgment action in federal district court.  In the light of Owners already having not complied with the Letter, Owners sought three declarations: (1) "that the Letter did not comply with the terms of O.C.G.A. § 9-11-67.1 and, therefore was not a proper time limited demand under Georgia law"; (2) "that the Letter was not a proper demand contemplated by Holt v. Southern General, 262 Ga. 267 (1992);" and (3) "that the refusal to comply with the terms of the Letter does not expose Owners to potential liability beyond the limits of its insurance policy."  In sum, "Owners seeks to determine whether it has coverage for any potential verdict in excess of its $50,000 policy limits."

The district court granted the Chadwicks' motion to dismiss Owners's declaratory judgment action, concluding that Owners lacked standing because Owners had failed to allege sufficiently an actual or imminent risk of injury.

3

We review de novo issues of standing.  Elend v. Basham, 471 F.3d 1199, 1204 (11th Cir. 2006).  To establish Article III standing, the plaintiff must "show, among other things, that he has suffered an injury in fact -- some harm to a legal interest that is *actual or imminent*, not conjectural or hypothetical."  Bowen v. First Family Fin. Servs., Inc., 233 F.3d 1331, 1339 (11th Cir. 2000) (emphasis in original) (quotations omitted).  "A plaintiff has standing to seek declaratory or injunctive relief only when he alleges facts from which it appears there is a substantial likelihood that he will suffer injury in the future."  Id. at 1340.  "The remote possibility that a future injury may happen is not sufficient to satisfy the actual controversy requirement for declaratory judgments."  Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1347 (11th Cir. 1999) (quotation omitted).

District courts may consider declaratory judgment suits only where a "definite and concrete" controversy exists.  Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Constr. Co., 607 F.3d 1268, 1275 n.14 (11th Cir. 2010).  The "controversy" must be "real and substantial . . . admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  Aetna Life Ins. Co. v. Haworth, 57 S.Ct. 461, 464 (1937).

Under Georgia law, "[a]n insurance company may be liable for the excess judgment entered against its insured based on the insurer's bad faith or negligent

4

refusal to settle a personal claim within the policy limits." Cotton States Mut. Inc. Co. v. Brightman, 580 S.E.2d 519, 521 (Ga. 2003). An insured may establish a claim against its insurance company for bad faith failure-to-settle where "the insurer acted unreasonably in declining to accept a time-limited settlement offer." South. Gen. Ins. Co. v. Holt, 416 S.E.2d 274, 276 (Ga. 1992).

In this declaratory judgment action, Owners seeks a declaration that the Letter constituted no proper time-limited demand under either O.C.G.A. § 9-11-67.1 or within the meaning of the Georgia Supreme Court's decision in Holt and that, as a result, Owners has no liability for a potential judgment in excess of the Policy's limits. The legal issues Owners seeks to resolve in this case are issues that might be raised in a future bad faith refusal-to-settle suit against Owners. No such suit has in fact been filed. And Owners fails to allege that such a lawsuit is imminent or that a substantial likelihood exists that a judgment in excess of the Policy limits will be entered in the underlying personal injury suit or that Owners's insureds have otherwise suffered damages as a result of Owners's refusal to settle.[2] A "perhaps" or "maybe" chance that a refusal-to-settle lawsuit will be filed in the future is insufficient to establish standing. See Bowen, 233 F.3d at 1340.

On appeal, Owners asserts that the requested declarations in this action are not intended to preempt a future bad-faith lawsuit but, instead, are necessary to

---

[2] According to Owners's complaint, the issue of liability is still disputed by the parties to the personal injury suit.

proceed in the underlying personal injury litigation: in essence, because the parties dispute whether Owners may be liable (in the future) for bad faith failure-to-settle, the parties now are unable to reach a settlement agreement.

To the extent the requested declarations are pertinent to negotiations in the underlying personal injury litigation, Owners has failed to allege a substantial likelihood that it will suffer harm in the future.  Owners argues only that it is unable to proceed in the underlying suit with "confidence or reliability" and that a ruling in this declaratory judgment action "will assist Owners in evaluating its future handling of the underlying tort claim" and will "affect how Owners addresses the negotiations in the underlying tort suit."

Owners's inability to negotiate a settlement with confidence, in and of itself, is no legal injury.  See Bochese v. Town of Ponce Inlet, 405 F.3d 964, 980 (11th Cir. 2005) (to establish injury for purposes of standing, a plaintiff must allege "an invasion of a legally protected interest").  And nothing evidences a substantial likelihood -- even if the parties to the underlying suit are unable to settle and must proceed to trial and verdict -- that Owners will suffer future harm, particularly where liability in the personal injury action is disputed and the Chadwicks' itemized damages fall below the Policy limits.

Moreover, because Owners has alleged no concrete injury and because the requested declarations would address only one of many factors impacting on the

6

parties' settlement negotiations, we are uncertain that the requested declarations would in fact resolve conclusively a genuine "controversy."  Instead, Owners seeks a hypothetical advisory opinion to assist it in its ongoing settlement negotiations. Such advisory relief is unavailable through the declaratory judgment procedure. See Coffman v. Breeze Corps., 65 S.Ct. 298, 302-03 (1945).

While judicial resolution of questions about Owners's potential future bad-faith liability would be useful to assist Owners in assessing its own bargaining position and in developing its trial strategy, it ultimately is for some potential plaintiff in the potential action for bad faith to determine if and when such a bad-faith suit will be filed based on Owners's completed conduct of not satisfying the Letter's demands.

No bright line rule exists for distinguishing "between declaratory-judgment actions that satisfy the case-or-controversy requirement and those that do not."  See MedImmune, Inc. v. Genentech, Inc., 127 S.Ct. 764, 771 (2007).  But, on this record, we conclude that Owners has failed to allege facts sufficient to satisfy the requirements for Article III standing.  We will "not speculate concerning the existence of standing, nor should we imagine or piece together an injury sufficient to give plaintiff standing when it has demonstrated none."  Elend, 471 F.3d at 1206.  No reversible error has been presented.

AFFIRMED.