[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12517
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cv-00679-MLB

GAME TRUCK GEORGIA, LLC,

                                                Plaintiff - Appellant,

versus

ATLANTIC SPECIALTY INSURANCE COMPANY,

                                                Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 9, 2021)

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Following an accident at a Georgia high school, a jury in a state-court proceeding returned a verdict against Game Truck Georgia, LLC, exceeding the company's liability-insurance limits. That decision is on appeal in the state appellate court, and Game Truck's insurer, Atlantic Specialty Insurance Company, continues to provide a defense for its insured. Game Truck, however, brought this action against Atlantic Specialty for failing to settle the case prior to trial, allegedly causing Game Truck to go out of business.

The district court dismissed Game Truck's complaint because a final judgment has not yet been entered in the underlying litigation. Because the Supreme Court of Georgia has interpreted the language of Game Truck's policy as requiring a final judgment or settlement prior to bringing suit, we affirm.

## I.     FACTS AND PROCEDURAL HISTORY

In 2016, Game Truck operated an events rental business, providing gaming machines and other equipment for use at parties. A client hired Game Truck to provide equipment for an event on May 13, 2016, at Campbell High School in Smyrna, Georgia. This equipment included gear for "bubble soccer," an activity in which participants wear large, inflatable balls around their upper bodies while moving their legs freely.

Salvador Reyes Quezada ("Reyes") attended the event at Campbell High School and used the bubble soccer equipment that Game Truck had provided. While

2

using it, he collided with another participant, suffering serious injuries to his brain

and forehead.  He remained in a coma for several days and permanently lost his

senses of taste and smell.  On August 12, 2016, Reyes filed a state-court lawsuit

against Game Truck (the "*Reyes* litigation").  The complaint alleged that Game

Truck had failed to warn, supervise, and instruct Reyes.

Game Truck was the holder of a liability insurance policy issued by Atlantic

Specialty, covering bodily injury with a per-occurrence limit of $1,000,000.  The

policy provides,

> 3. Legal Action Against Us
>
> No person or organization has a right under this Coverage
> Part:
>
> a.  To join us as a party or otherwise bring us into a "suit"
>     asking for damages from an insured; or
>
> b.  To sue us on this Coverage Part unless all of its terms
>     have been fully complied with.
>
> A person or organization may sue us to recover on an
> agreed settlement or on a final judgment against an
> insured; but we will not be liable for damages that are not
> payable under the terms of this Coverage Part or that are
> in excess of the applicable limit of insurance.  An agreed
> settlement means a settlement and release of liability
> signed by us, the insured and the claimant or the claimant's
> legal representative.

Atlantic Specialty undertook Game Truck's defense in the *Reyes* litigation.

On November 22, 2017, counsel for Game Truck received a thirty-day time-limited

3

demand, offering to settle the *Reyes* claims for $750,000. Informed of the offer, Atlantic Specialty rejected it and did not respond by the deadline. Defense counsel subsequently received a second offer, demanding $1,000,000 for settlement, but Atlantic Specialty rejected it again. Allegedly, both offers were reasonable. On June 5, 2019, Atlantic Specialty sent Game Truck a letter, informing it that the *Reyes* claims might exceed its $1 million policy limit. The next day, Atlantic Specialty offered a $250,000 settlement, which Reyes rejected.

The case proceeded to trial. The jury returned a verdict in Reyes's favor and determined that Game Truck was 93 percent at fault for his damages, which totaled $5 million. Accordingly, on September 17, 2019, the state court entered judgment for Reyes in the amount of $4,650,000, plus pre-judgment interest of $92,996.16 and post-judgment interest at the statutory rate of 8.25 percent. Because of the rejected settlement offers, the court also ruled that Game Truck was liable for Reyes's attorney's fees and costs. *See* Ga. Code Ann. § 9-11-68.

Game Truck's counsel moved for remittitur of the verdict or, in the alternative, a new trial. Atlantic Specialty also planned to appeal from the trial court's judgment.

Nevertheless, as a result of the judgment, Game Truck lost its franchise rights. It has been unable to rent out its equipment and has gone out of business. On January 14, 2020, Game Truck filed this action against Atlantic Specialty in state court. The complaint includes three counts: (1) for negligent or bad-faith failure to settle, *see S.*

4

*Gen. Ins. Co. v. Holt*, 416 S.E.2d 274 (Ga. 1992); (2) for an award of attorney's fees due to bad faith or stubborn litigiousness, *see* Ga. Code Ann. § 13-6-11; and (3) for punitive damages, *see* Ga. Code Ann. § 51-12-5.1.

Atlantic Specialty removed the lawsuit to the Northern District of Georgia, invoking the court's diversity jurisdiction, and moved to dismiss the claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Atlantic Specialty argued that Game Truck's failure-to-settle claim had not yet accrued because no final, non-appealable excess judgment had been entered against it. Alternatively, Game Truck argued that the district court should stay the proceedings pending final resolution of the state-court litigation.

The district court granted the motion. It concluded that a judgment above policy limits is a necessary element of Game Truck's failure-to-settle claim. The court held that the case was "not ripe" because post-trial motions remained pending and because Atlantic Specialty planned to appeal from the state trial court's final judgment. Accordingly, the district court dismissed the case without prejudice. This timely appeal followed.

## II.    STANDARD OF REVIEW

We review *de novo* the district court's dismissal of the complaint under Rule 12(b)(6) for failure to state a claim. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). In doing so, we accept the allegations in the complaint

as true and construe them in the light most favorable to the plaintiff, Game Truck. *Id.* We also review *de novo* the district court's conclusion that that a claim is unripe. *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006).

## III.   DISCUSSION

Game Truck argues that the district court erred in dismissing its complaint because, according to Game Truck, its failure-to-settle claim does not require a final, excess judgment under the circumstances of this case. Atlantic Specialty disagrees on the merits and contends, alternatively, that Game Truck's claim is not ripe and thus nonjusticiable. Although it is not clear whether the district court found this claim to be unripe in the nonjusticiable sense of the term, we are obligated to consider this issue on appeal, regardless. *See Trump v. New York*, 141 S. Ct. 530, 534–35 (2020); *Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995).

The ripeness doctrine stems from the jurisdictional requirement of a "case" or "controversy" under Article III, *see DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006), so we must resolve it before considering the merits, *see Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). A claim is unripe when it relies on "contingent future events that may not occur as anticipated, or indeed may not occur at all," *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)), but the inquiry required is not, as Atlantic Specialty suggests, whether a claim has

6

accrued under state law.  We must analyze both "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration." *Wollschlaeger v. Governor, Fla.*, 848 F.3d 1293, 1304 (11th Cir. 2017) (en banc) (quoting *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003)).

Both requirements are satisfied here.  As to fitness, we note that Game Truck's alleged injuries—loss of its franchise and having gone out of business—are immediate, rather than conjectural.  These injuries will not readily subside if Atlantic Specialty is successful in its state-court appeal, and further factual development will not aid judicial review.  *See Harrell v. The Fla. Bar*, 608 F.3d 1241, 1258 (11th Cir. 2010).  As to hardship, Game Truck has plausibly explained how, if Atlantic Specialty settles following a successful appeal, this proceeding could be its only opportunity to seek redress for persistent injuries.  Thus, we conclude that Game Truck would suffer hardship from our withholding consideration.  *Cf. Cheffer*, 55 F.3d at 1524 (considering hypothesized effects of delay in analyzing hardship prong).  To the extent that the district court concluded that it lacked jurisdiction on this basis, we disagree.[1]

---

[1] The Supreme Court has questioned whether the "prudential ripeness" requirements of "fitness" and "hardship" are compatible with the obligation of exercising jurisdiction under Article III.  *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 167 (2014).  Because Game Truck's injuries satisfy Article III and given our conclusion that the ripeness requirements are met here, in any event, we need not address that question in this case.  *See id.*

On the merits, the parties dispute whether a final, unappealable judgment is a prerequisite to bringing a failure-to-settle claim. Under Georgia law, an insurance company may be liable when it acts with negligence, fraud, or bad faith in failing to settle a claim against its insured. *Holt*, 416 S.E.2d at 276. The finder of fact must determine whether, judged by the standard of the "ordinarily prudent insurer," the insurance company acted unreasonably in failing to give equal consideration to the interests of its insured by taking the case to trial. *First Acceptance Ins. Co. of Ga., Inc. v. Hughes*, 826 S.E.2d 71, 74 (Ga. 2019) (citations omitted). Failure-to-settle claims ordinarily sound in tort, *see U.S. Fid. & Guar. Co. v. Evans*, 156 S.E.2d 809, 811 (Ga. Ct. App.), *aff'd*, 158 S.E.2d 243 (Ga. 1967), and the insurer's duty to settle arises upon presentation of a settlement offer that is within the insured's policy limits, *Hughes*, 826 S.E.2d at 75.

However, the Supreme Court of Georgia has recognized that an insurance policy, as a contract, may cabin the insurer's liability in tort. Under Georgia law, the court construes insurance policies under ordinary principles of contract interpretation. *See Reed v. Auto-Owners Ins. Co.*, 667 S.E.2d 90, 91–92 (Ga. 2008). In *Trinity Outdoor, LLC v. Central Mutual Insurance Co.*, a billboard owner was sued after its billboard fell, killing two individuals. 679 S.E.2d 10, 11 (Ga. 2009). During court-ordered mediation, the billboard owner, Trinity, chose to settle the claims against it, without having received consent from its insurer, Central. *Id.*

8

Trinity later brought a failure-to-settle claim against Central, which had sought to litigate the question of Trinity's liability. *Id.*

The Supreme Court of Georgia, answering a certified question, held that the insurance contract barred the failure-to-settle claim under the circumstances. *Id.* at 10, 12. The court pointed to three separate provisions in the contract that (1) prevented Trinity from making a voluntary payment without Central's consent, (2) required Central to pay only legal obligations of its insured, and (3) enabled Central to be sued either based on a settlement to which it agreed or following a final judgment. *Id.* Regarding the last provision, the court held that because Central had not agreed to the settlement and no final judgment had been entered, Trinity could not sue it for reimbursement of the settlement payment. *Id.*

Game Truck argues that *Trinity Outdoor* is distinguishable because, unlike the insured in that case, it did not seek to settle the *Reyes* litigation without Atlantic Specialty's consent. Although we acknowledge this difference, we nevertheless read *Trinity Outdoor* more broadly. The question certified to the Supreme Court of Georgia in that case asked, "whether an action for negligent or bad faith failure to settle a case requires that a judgment be entered against an insured in excess of the policy limits before the action can be asserted." *Id.* at 11. Answering that question, the court did not rest its holding on just Trinity's failure to obtain consent before making a voluntary payment; it also underscored the policy's requirement of either

9

a settlement (with the insurer's consent) or final judgment. *See id.* at 12. A subsequent decision described that provision as a "no action" clause, which establishes a "contractually agreed upon condition precedent" to filing suit. *Piedmont Off. Realty Tr. v. XL Specialty Ins. Co.*, 771 S.E.2d 864, 866 (Ga. 2015). The upshot of the clause is that, absent a settlement or final judgment, the insurer cannot be sued. *Trinity Outdoor*, 679 S.E.2d at 13.[2]

In this case, Game Truck's policy, under the heading "Legal Action Against Us," includes a nearly identical "no action" clause. Under *Trinity Outdoor*, then, an agreed-upon settlement or final judgment was a condition precedent to bringing this action. Because Atlantic Specialty continues to pursue its appeal in the *Reyes* matter, neither category is satisfied here. And the underlying rationale from *Trinity Outdoor*—protecting the insurer's bargained-for right to control the litigation reasonably on behalf of its insured—applies with equal force. *See id.*; *see also* 1 William M. Shernoff et al., *New Appleman Insurance Bad Faith Litigation* § 4.03 (2d ed. Supp. 2020) ("Georgia law is clear that, even where the policy provides that the insurer's consent to settle shall not be unreasonably withheld, a defending insurer has a right to take the case to judgment."). Game Truck suggests that a judgment

---

[2] Atlantic Specialty cites cases in which we reached this conclusion under Florida law. *See Romano v. Am. Cas. Co. of Reading, Pa.*, 834 F.2d 968 (11th Cir. 1987); *Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157 (11th Cir. 1985). As the parties agree that Georgia law governs this dispute, we reach our conclusion in this appeal applying only binding Georgia precedent. *See Flintkote Co. v. Dravo Corp.*, 678 F.2d 942, 945 (11th Cir. 1982).

from the state trial court is enough in this case.    But considering the policy underpinning Georgia law, we see no basis to treat the trial court's judgment as equivalent to a final judgment (or agreed-upon settlement) following appeal.[3]

Resisting this conclusion, Game Truck asserts, first, that its complaint states a claim of negligence under *Southern General Insurance Co. v. Holt*, 416 S.E.2d 274.  Second, Game Truck contends that even if its claim sounds in contract, Atlantic Specialty breached that contract under *Southern Guarantee Insurance Co. v. Dowse*, 605 S.E.2d 27 (Ga. 2004).    But the Supreme Court of Georgia rejected both arguments in *Trinity Outdoor*.  As to the first, the court emphasized that the terms of an insurance contract can alter the parties' obligations in tort.  *See Trinity Outdoor*, 679 S.E.2d at 13 n.3 (citing *Holt*, 416 S.E.2d 274).  As to the second, the court distinguished *Dowse* as involving an insurer that could not rely on the policy to defend itself after "wholly abandon[ing] its insured."  *Id.* at 12–13.  Here, as in *Trinity Outdoor*, there is no allegation that Atlantic Specialty has failed to comply with its defense or indemnity obligations under the terms of the insurance policy.

Finally, Game Truck argues that *Trinity Outdoor* should not be read to require a final judgment in excess of policy limits because such a rule could bar some insured parties from recovery altogether.  Applying Georgia law, the former Fifth Circuit

---

[3] Game Truck argues that the district court did not rely on this theory in its order.  Of course, we may affirm on any basis supported by the record, even one on which the court below did not rely.  *Henley v. Payne*, 945 F.3d 1320, 1333 (11th Cir. 2019).

11

allowed recovery of consequential damages—like the economic damages alleged here—in bad-faith litigation against an insurer. *See State Farm Mut. Auto. Ins. Co. v. Smoot*, 381 F.2d 331, 338 (5th Cir. 1967). Game Truck contends that the district court's reasoning in this case would permanently foreclose that remedy where an insurer has acted in bad faith but no final judgment or judgment in excess of policy limits is ever entered against the insured. However, given that the *Reyes* litigation remains on appeal and the district court's dismissal was without prejudice in this case, we are not faced with the concern that Game Truck identifies. We need not—and do not—express a view as to whether the terms of this insurance contract or the decision in *Trinity Outdoor* would permit Game Truck to bring suit against Atlantic Specialty if the *Reyes* appeal concludes without a final judgment or a judgment in excess of policy limits.[4]

---

[4] Game Truck argues that affirming the district court's judgment in this case would be at odds with our unpublished decision in *American Guarantee & Liability Insurance Co. v. Liberty Surplus Insurance Co.*, 835 F. App'x 447 (11th Cir. 2020). Although that decision is not binding, *see* 11th Cir. R. 36-2, we nevertheless note that it does not conflict with our opinion here. The parties in that case—primary and excess insurers—did not point to "no action" clauses in their policies. But even if such clauses existed, they would not have barred the suit because the parties reached an agreed-upon settlement in the underlying litigation. *See Am. Guar.*, 835 F. App'x at 454; *cf. Trinity Outdoor*, 679 S.E.2d at 13.

## IV.    CONCLUSION

For the reasons set forth in this opinion, we affirm the district court's entry of judgment in favor of Atlantic Specialty.[5]

**AFFIRMED.**

---

[5] Given our conclusion that *Trinity Outdoor* controls the outcome in this case, we decline Game Truck's request to certify a question to the Supreme Court of Georgia. *See Hattaway v. McMillian*, 903 F.2d 1440, 1449 (11th Cir. 1990).